■ DAVID SZCZERBIAK et al., Individually and as Coadministrators of the Estate of ERIC SZCZERBIAK, Deceased, Appellants, v MICHAEL H. PILAT et al., Respondents. [645 NYS2d 256] —Order affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for a trial order of dismissal at the close of the proof (*see,* CPLR 4401). In an action involving a police officer's operation of an authorized emergency vehicle, "[the] officer's conduct in pursuing a suspected lawbreaker may not form the basis of civil liability to an injured bystander unless the officer acted in reckless disregard for the safety of others. This standard * * * requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr,* 84 NY2d 494, 501; *see,* Vehicle and Traffic Law § 1104 [e]).

Viewed in the light most favorable to plaintiffs, the proof establishes that, while in his police vehicle, defendant police officer received a call directing him to respond to a cemetery where five males were fighting. In response, the officer turned onto Dick Road, accelerated and pulled into the passing lane. After observing that there was nothing immediately in front of him, the officer looked down momentarily to turn on emergency equipment and struck decedent, who at that instant attempted to cross Dick Road on his bicycle. That proof is insufficient to establish that the officer acted in reckless disregard of a known and obvious risk that was so great as to make it highly probable that harm would follow (*see, Saarinen v Kerr, supra,* at 501). "[M]ore than a momentary judgment lapse", such as the officer's momentarily looking down, is required to

satisfy the " 'reckless disregard' " test (*Saarinen v Kerr, supra,* at 502; *see, Lorber v Town of Hamburg,* 225 AD2d 1062).

We have reviewed plaintiffs' remaining contention and conclude that it is without merit.

All concur except Green, J. P., and Fallon, J., who dissent and vote to reverse in the following Memorandum.

Green, J. P., and Fallon, J. (dissenting). We respectfully dissent. In determining defendant's motion to dismiss, Supreme Court was required to view the evidence in the light most favorable to plaintiffs, and plaintiffs were entitled to the benefit of all favorable inferences to be drawn therefrom (*see, Santiago v Steinway Trucking,* 97 AD2d 753). In our view, applying that principle to the facts of this case, the jury could have concluded that Deputy Pilat was operating his vehicle recklessly at the time of this tragic accident. Pilat turned onto Dick Road from George Urban Boulevard at about 5:00 P.M., driving his vehicle at a "fast pace" at dusk on a five-lane highway during rush hour. The jury could have concluded that, at the time he struck the infant, he did not have his flashing dome light on, his siren operating, or his headlights flashing. Indeed, the jury could have inferred that he did not even have his headlights on. Pilat acknowledged that he did not see the infant at any time before the impact between his vehicle and the infant's bicycle; he testified that he "had looked down" to turn on first the dome flashing lights, and then the siren. Viewing the evidence in the light most favorable to plaintiffs, we conclude that the jury could have disregarded Pilat's explanation, leaving Pilat without any plausible explanation for his failure to see the infant, who was directly in front of him. Thus, in our view, there is sufficient evidence of reckless conduct on the part of Pilat to permit a jury to determine the issue of liability under an appropriate charge. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Damages.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.