■ JOHN P. WILSON, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 93508.) [703 NYS2d 848] —Judgment unanimously affirmed without costs. Memorandum: The Court of Claims properly dismissed this claim arising from a collision between claimant's vehicle and a snowplow owned by defendant and operated by defendant's employee. The court properly determined that the snowplow, plowing snow on a highway at the time of the accident, was a "vehicle * * * [or] other equipment * * * actually engaged in work on a highway" within the meaning of Vehicle and Traffic Law § 1103 (b) (*see, McDonald v State of New York,* 176 Misc 2d 130, 139; *see also, Riley v*

*County of Broome,* 263 AD2d 267). "According considerable deference to the findings of the Court of Claims, as is appropriate" (*Morrisseau v State of New York,* 237 AD2d 803, 804), we conclude that its determination that the snowplow operator did not act in "reckless disregard for the safety of others" is fully supported by the record (Vehicle and Traffic Law § 1103 [b]; *see, McDonald v State of New York, supra,* at 143; *see also, Szczerbiak v Pilat,* 90 NY2d 553, 557). Finally, the court properly concluded that Vehicle and Traffic Law § 1103 need not be pleaded as an affirmative defense (*see, McDonald v State of New York, supra,* at 141). (Appeal from Judgment of Court of Claims, McNamara, J.—Negligence.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Balio, JJ.