■ DAYNA KEARNS, Respondent, v CHARLES PIATT et al., Appellants. [716 NYS2d 418] —Crew III, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered January 7, 2000 in Sullivan County, which denied defendants' motion for summary judgment dismissing the complaint.

On November 24, 1997, defendant Charles Piatt and his co-worker, Jerry Stackhouse, both of whom were employed by defendant Village of Monticello, were operating a sand truck on East Dillon Road in the Village of Monticello, Sullivan County. As the truck, which was traveling eastbound, approached the intersection of East Dillon Road and Lawrence Avenue, Piatt, who was driving, applied the brakes and attempted to stop. According to Piatt, the wheels of the truck locked and the truck slid on the ice, passing a stop sign and colliding with a vehicle operated by plaintiff, who was traveling southbound on Lawrence Avenue.

Plaintiff thereafter commenced this action against defendants seeking to recover for personal injuries allegedly sustained during the course of the accident. Following joinder of issue and discovery, defendants moved for, *inter alia*, summary judgment, arguing that the "reckless disregard" standard set forth in Vehicle and Traffic Law § 1103 (b) governed defendants' conduct and that plaintiff could not prove that Piatt had acted

with reckless disregard for her safety. Supreme Court denied the motion, finding that the liability issue was governed by principles of ordinary negligence and, on that point, there was a question of fact as to whether Piatt's operation of the sand truck in question was negligent. This appeal by defendants ensued.

Insofar as is relevant to this appeal, Vehicle and Traffic Law § 1103 (b) provides as follows: "Unless specifically made applicable, the provisions of this title * * * shall not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway nor shall the provisions of [Vehicle and Traffic Law § 1202 (a)] apply to hazard vehicles while actually engaged in hazardous operation on or adjacent to a highway but shall apply to such persons and vehicles when traveling to or from such hazardous operation." As to the issues of duty and liability, Vehicle and Traffic Law § 1103 (b) further provides as follows: "The foregoing provisions of this subdivision shall not relieve any person, or team or any operator of a motor vehicle or other equipment while actually engaged in work on a highway from the duty to proceed at all times during all phases of such work with due regard for the safety of all persons nor shall the foregoing provisions protect such persons or teams or such operators of motor vehicles or other equipment from the consequences of their reckless disregard for the safety of others."

In construing the statute and attempting to divine which standard of care—ordinary negligence or reckless disregard—applied to the various persons, teams, operators and equipment set forth therein, this Court concluded that the Legislature originally intended that the exemption from the "rules of the road" set forth in Vehicle and Traffic Law § 1103 (b) "apply to those engaged in highway maintenance" (*Riley v County of Broome*, 263 AD2d 267, 273, *lv granted* 95 NY2d 751). Acknowledging that subsequent amendments to Vehicle and Traffic Law § 1103 (b) rendered it ambiguous and spawned much confusion and debate as to its meaning and effect, this Court traced and considered the effect of such amendments in light of the applicable legislative history and the stated purpose of the statute. Ultimately, we concluded that despite the subsequent amendments to Vehicle and Traffic Law § 1103 (b), it was the clear intent of the Legislature "that those engaged in highway maintenance * * * be exposed to liability for their reckless disregard of the safety of others" (*Riley v County of Broome, supra,* at 273).

Defendants, relying upon this Court's recent decision in *Ri-*

*ley v County of Broome* (*supra*), argue that Supreme Court plainly erred in concluding that the ordinary negligence standard of care was the appropriate yardstick by which to measure defendants' conduct. In response, plaintiff argues that there is a question of fact as to whether Piatt was actually engaged in work on a highway at the time of the subject accident and, hence, whether the provisions of Vehicle and Traffic Law § 1103 (b) even apply. Assuming that the reckless disregard standard does apply, plaintiff's argument continues, there is a question of fact as to whether Piatt's conduct rose to this level. We find plaintiff's arguments to be unpersuasive and, therefore, Supreme Court's order is reversed and defendants' motion for summary judgment is granted.

As to the issue of whether Piatt was actually engaged in work on a highway at the time of the underlying accident, both Piatt and Stackhouse's examination before trial testimony— save the isolated, out-of-context portion of Stackhouse's testimony relied upon by plaintiff—makes clear that Piatt was engaged in sanding operations at the time of the accident. Both Piatt and Stackhouse testified as to the icy conditions of East Dillon Road and plainly stated that they were applying a sand/salt mixture to the road surface at the time of the accident.

Similarly unavailing is plaintiff's assertion that there is a question of fact as to whether Piatt may be said to have acted in reckless disregard for the safety of others, which requires a showing that " 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr*, 84 NY2d 494, 501, quoting Prosser and Keaton, Torts § 34, at 213 [5th ed]). A review of Piatt and Stackhouse's examination before trial testimony reveals that as the sand truck, which Piatt estimated to then be traveling less than 20 miles per hour, approached the intersection of East Dillon Road and Lawrence Avenue, Piatt downshifted and gradually applied the brakes.* Upon applying the brakes, however, the wheels of the sand truck locked and, due to the icy conditions and the moderate downgrade of East Dillon Road, Piatt was unable to stop. In an attempt to raise a question of fact on this point, plaintiff argues that if she could "establish that [Piatt's] policy was to disobey traffic signs when actually engaged in work on a highway * * * this type of

---

* In his affidavit, Piatt averred that he began applying the brakes approximately three to four truck lengths before the intersection.

conduct would rise to the level of recklessness." This conclusory and speculative assertion, however, finds no support in the record.

In summary, defendants are correct in arguing that the reckless disregard standard set forth in Vehicle and Traffic Law § 1103 (b) applies to the facts of this case and is the standard by which their conduct is to be judged. Defendants having tendered sufficient proof in support of their motion for summary judgment, and plaintiff having failed to raise a question of fact as to whether Piatt actually was engaged in work on a highway at the time of the accident or whether his conduct rose to the level of reckless disregard, Supreme Court erred in failing to grant defendants' motion for summary judgment.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.