OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, by denying defendants’ motion for summary *913 judgment and remitting to the Court of Claims for further proceedings in accordance with this memorandum, and as so modified, affirmed.
Claimant George Bliss brought this personal injury action, arising out of an October 20, 1995 accident caused by a New York State Thruway Authority (NYSTA) truck driven by John Lawler. The Court of Claims granted defendants’ motion for summary judgment, holding that a recklessness standard applied because the truck was “actually engaged in work on a highway,” and that claimant had failed to present sufficient evidence of recklessness. The Appellate Division affirmed, holding that a recklessness standard applied, and that “under the circumstances of this case, that standard was not met.” (272 AD2d 567.)
At the outset, the trial court and the Appellate Division correctly held that, under Vehicle and Traffic Law § 1103 (b), Lawler’s truck was exempt from the rules of the road since it was “actually engaged in work on a highway.” Therefore, in order to recover, claimant must show that Lawler acted recklessly (see, Riley v County of Broome, 95 NY2d 455 [decided today]; see also, Saarinen v Kerr, 84 NY2d 494, 501).
Claimant’s evidence demonstrates that Lawler backed his truck, which had only side view mirrors and no rear view mirror, down a narrow decline on a bridge — located on a heavily-traveled interstate highway — in excess of the maximum safe speed. There is no indication that Lawler attempted to slow down or sound his horn before colliding with claimant’s automobile. Further, Lawler violated NYSTA safety directives by straying 100 to 250 feet from the cone truck instead of staying within the required 30 feet, and there was no evidence that a required spotter was provided for the operation. There is also evidence that the work crew was hurrying to dismantle the lane closure because they started late. Finally, Lawler pleaded guilty to a traffic offense — unsafe backing in violation of Vehicle and Traffic Law § 1211 (a) — as a result of the incident. While factual and credibility issues remain that prevent us from concluding as a matter of law that Lawler acted recklessly — in conscious disregard of “a known or obvious risk that was so great as to make it highly probable that harm would follow” (see, Saarinen v Kerr, supra, at 501) — claimant raised a triable issue for the jury to consider, and summary judgment was improperly granted (see, Rizzuto v Wenger Contr. Co., 91 NY2d 343, 351). Thus, the case must be remitted to the Court. of Claims.
*914 We do not pass on the viability of defendants’ affirmative defenses, since claimant’s cross motion to dismiss those defenses should be addressed, in the first instance, by the Court of Claims.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur in memorandum.
Order modified, etc.