■ JESSICA GUERESCHI, Plaintiff, v RICHARD A. BOUCHARD et al., Appellants and Third-Party Plaintiffs-Respondents, and TOWN OF SCHROEPPEL et al., Respondents. MICHAEL P. SPEACH, Third-Party Defendant-Appellant. [730 NYS2d 659] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On February 6, 1995, a snowplow operated by defendant Neil Candee was backing onto Route 10 in the Town of Schroeppel in an attempt to turn onto Center Road after "banking" the snow at that intersection. A vehicle operated by third-party defendant Michael P. Speach approached the snowplow from the north on Route 10 and stopped approximately 200 feet behind the snowplow to permit the driver to complete the maneuver. While stopped, the Speach vehicle was hit from behind by a tow truck owned by defendant Harry R. Hankey and operated by defendant Richard A. Bouchard. Plaintiff, a passenger in the Speach vehicle, commenced this negligence action, and Bouchard and Hankey commenced a third-party action against Speach alleging that his negligence was a proximate cause of the accident.

Supreme Court erred in denying the motion of Speach seeking summary judgment dismissing the third-party complaint. Bouchard drove through blowing snow and did not see the Speach vehicle until he exited the "whiteout," at which time his vehicle was approximately one car length from the Speach vehicle. It is undisputed that the Speach vehicle was at a complete stop with the brake lights on and that Speach was

unable to travel around the snowplow because it occupied both lanes of the road. Furthermore, Speach testified at his deposition that he had not driven through any blowing snow or whiteout conditions on Route 10 before stopping behind the snowplow. We conclude that Speach established his entitlement to judgment as a matter of law and that Bouchard and Hankey failed to raise a triable issue of fact whether Speach was negligent (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). Thus, we modify the order by granting the motion of Speach and dismissing the third-party complaint.

We further conclude that the court properly granted that part of the motion of defendant Town of Schroeppel (Town) and Candee seeking summary judgment dismissing the cross claim of Hankey and Bouchard for contribution. That cross claim alleges that the Town and Candee were negligent in the operation of the snowplow. The snowplow, however, "was exempt from the rules of the road since it was 'actually engaged in work on a highway' " and thus, "in order to recover, [plaintiff] must show that [the Town and Candee] acted recklessly" (*Bliss v State of New York,* 95 NY2d 911, 913; *see, Riley v County of Broome,* 95 NY2d 455, 459; Vehicle and Traffic Law § 1103 [b]). Hankey and Bouchard failed to present any evidence that the Town and Candee acted with reckless disregard for the safety of motorists (*cf., Bliss v State of New York, supra,* at 913). Because the Town and Candee are not liable to plaintiff as a matter of law, the cross claim of Hankey and Bouchard seeking contribution from those defendants must be dismissed (*see, Armatys v Edwards,* 229 AD2d 906, 907). We have considered the remaining contention of Hankey and Bouchard and conclude that it is without merit. (Appeals from Order of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.