■ JOHN H. NIRO, Respondent, v VILLAGE OF LAKE GEORGE et al., Appellants. [749 NYS2d 589] —Mugglin, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered October 25, 2001 in Warren County, upon a verdict rendered in favor of plaintiff.

Defendant Scott W. Bauberger was employed as the Acting Superintendent of Highways of defendant Village of Lake George in Warren County. His normal work schedule was Monday through Friday from 7:00 A.M. to 3:30 P.M. However, because he was on call 24 hours per day, as needed, he was permitted to take a village truck to his home on Catherine Street in the Town of Warrensburg, Warren County, about five miles from the village limit. On Sunday, April 9, 2000, as a result of a heavy snowstorm, he was required to plow the village streets. At approximately 6:00 P.M., he returned home and, upon deciding to use the village truck to plow his own driveway, he "back/bladed" two loads of snow into Catherine Street, plowed the snow out of Catherine Street and, while backing up to reenter his driveway, collided with plaintiff's vehicle, causing the injuries for which a jury compensated plaintiff.

The sole issue presented on this appeal is whether Bauberger's conduct in the operation of the village vehicle is judged by the ordinary standard of negligence or by the reckless disregard for the safety of others standard found in Vehicle and Traffic Law § 1103 (b). We agree with Supreme Court's conclusion that the latter standard is inapplicable hereto and affirm.

Vehicle and Traffic Law § 1103 (a) makes all of the provisions of the Vehicle and Traffic Law applicable to drivers of vehicles owned by any political subdivision of the state "except as provided in this section." Subdivision (b) then (with exceptions not applicable herein) provides that Vehicle and Traffic Law provisions do not apply to "persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway nor shall the provisions of subsection (a) of section [1202] apply to hazard vehicles while actually engaged in hazardous operation on or adjacent to a highway but shall apply

to such persons and vehicles when traveling to or from such hazardous operation" (Vehicle and Traffic Law § 1103 [b]).

Included within the definition of "hazard vehicle" found in Vehicle and Traffic Law § 117-a is "every vehicle engaged in highway maintenance, or in ice and snow removal where such operation involves the use of a public highway." Notably, each case cited by defendants for the proposition that these statutes apply to *all* vehicles while plowing snow in a highway involved only municipally-owned vehicles being operated on a highway by a municipal employee, for the benefit of the municipality within the territorial limits of that municipality (*see Riley v County of Broome*, 95 NY2d 455; *Guereschi v Bouchard*, 286 AD2d 997, 998, *lv denied* 97 NY2d 613; *McDonald v State of New York*, 176 Misc 2d 130, 132).

By contrast, these defendants had no responsibility for snow removal on Catherine Street in the Town of Warrensburg. Moreover, Bauberger was removing the snow from the street only because he had created a dangerous condition by removing snow from his own driveway. In essence, Bauberger's status at that time was no different from any private snow removal contractor plowing a client's driveway. Hence, defendants are not entitled to have Bauberger's conduct judged by the "reckless disregard" standard applicable to public employees while acting within the scope of their employment (*see* Vehicle and Traffic Law § 1103 [a], [b]).

Cardona, P.J., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.