OPINION OF THE COURT
Stephen J. Mignano, J.
The facts of this case are not in dispute. On August 2, 2000, Thomas Florio, a then 14-year employee of the New York State Department of Transportation, was mowing grass at the *357 intersection of Route 343 and Leedsville Road in the Town of Amenia, Dutchess Comity. At his examination before trial, Mr. Florio testified that he was operating a John Deere tractor equipped with a six-foot sickle bar on the right side of the driver and an eight-foot long mower in the rear (see examination before trial transcript, exhibit C, at 11 attached to claimant’s motion); that at its highest point, the tractor is approximately eight feet high and that with the sickle bar in the upright position, the highest point of the tractor extends an additional six to seven inches (exhibit C at 26-27).
Mr. Florio testified that he had the tractor on the grass, mowing the corner of the intersection of Route 343 and Leeds-ville Road and was under a guide wire attached to a utility pole and tree stretching east to west along Route 343 (exhibit C at 25); that the guide wire had been sagging for a few years and was fairly low on the day of the incident (exhibit C at 21); that with the sickle bar in the upright position, he proceeded under the wire and pulled onto the shoulder of Route 343. At that time he noticed that the telephone pole on the comer was down and broken into three pieces. He subsequently determined that the tractor’s brake light, located about three and a half feet above the ground, had come into contact with the guide wire causing the pole to fall; that the guide wire had red plastic from the brake light stuck to it (exhibit C at 21-24). Mr. Florio also stated that at the time of the accident no part of the tractor was on the highway (exhibit C at 24) and that the guide wire the tractor came in contact with was entirely over the grass, off the roadway (exhibit C at 48).
Claimant asserts that Mr. Florio was negligent in the operation of the tractor. Claimant asserts ordinary negligence as the standard for liability in this matter. In opposition, the State asserts claimant must prove more than ordinary negligence and establish that Mr. Florio’s actions rose to the level of a reckless disregard for the safety of others. The State does not dispute that Mr. Florio’s actions precipitated the damage to claimant’s property. Claimant counters that even if the court finds that this standard applies, Mr. Florio’s conduct was reckless.
The State asserts that Vehicle and Traffic Law § 1103 (b) shields the defendant from liability for ordinary negligence and provides the applicable standard of care to be applied in this situation. Vehicle and Traffic Law § 1103 (b) (tit VII) provides:
“Unless specifically made applicable, the provisions of this title, except the provisions of section eleven *358 hundred ninety-two through eleven hundred ninety-six of this chapter, shall not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway nor shall the provisions of subsection (a) of section twelve hundred two apply to hazard vehicles while actually engaged in hazardous operation on or adjacent to a highway but shall apply to such persons and vehicles when traveling to or from such hazardous operation. The foregoing provisions of this subdivision shall not relieve any person, or team or any operator of a motor vehicle or other equipment while actually engaged in work on a highway from the duty to proceed at all times during all phases of such work with due regard for the safety of all persons nor shall the foregoing provisions protect such persons or teams or such operators of motor vehicles or other equipment from the consequences of their reckless disregard for the safety of others.”
The scope of Vehicle and Traffic Law § 1103 has been the subject of numerous court decisions and analysis of its legislative history (see e.g., Riley v County of Broome, 263 AD2d 267, affd 95 NY2d 455; Wilson v State of New York, 269 AD2d 854, affd 95 NY2d 455; Gawelko v State of New York, 184 Misc 2d 581; Cottingham v State of New York, 182 Misc 2d 928; McDonald v State of New York, 176 Misc 2d 130). The Court of Appeals held in Riley (supra)[1] that Vehicle and Traffic Law § 1103 (b) exempts all vehicles actually engaged in work on a highway from the rules of the road. However, every decision reviewed involved a collision between a government vehicle and a second occupied vehicle. Uniformly, the issue addressed that has been raised was whether the municipal vehicle was “engaged in work.”[2] If it was, then Vehicle and Traffic Law § 1103 (b) and the more stringent standard of reckless disregard were applicable. Section 1103 (b) also provides that it does not relieve the operator of a motor vehicle or other equipment while actually engaged in work on a highway from the duty to proceed at all times with due regard to the safety of all persons.
*359 Based upon the court’s review of the current case law, and the Court of Appeals’ analysis of Vehicle and Traffic Law § 1103 (b)’s legislative history in Riley v County of Broome (supra) and the court’s own reading of the statute and history, I find that the current situation is not one which falls within the ambit of Vehicle and Traffic Law § 1103 (b). Simply put, the facts here do not present the circumstances which the Legislature intended to address, i.e., multi-vehicle collisions resulting from the hazards inherent in highway maintenance. In the case at bar, we are not concerned with the safety of people but with defendant’s actions with regard to claimant’s property.
Vehicle and Traffic Law § 1100 (a) provides that title VII “[applies] upon public highways, private roads open to public motor vehicle traffic and any other parking lot.”
From the evidence presented on this motion, assuming without deciding, that Mr. Florio was actually engaged in work on a highway,[3]1 find that Vehicle and Traffic Law § 1103 (b) is inapplicable to the present situation and the standard of care claimant must prove in order to succeed is the standard of ordinary care.
Mr. Florio testified at his deposition that he was aware the guide wire was sagging and was hanging low. The State concedes that Mr. Florio’s actions precipitated the damage to claimant’s property. In fact, the State does not contest that Mr. Florio’s conduct was negligent, just that it did not rise to the level of recklessness (Ryan’s affirmation in opposition para 10). Therefore, based upon the foregoing, the court finds that the actions of the State’s employee, Mr. Florio, were negligent and proximately caused the damage to claimant’s property. Claimant’s motion for partial summary judgment as to liability is granted.

. The Court decided Riley v County of Broome and Wilson v State of New York together in one decision.

. It is also noted that none of these decisions construed the phrase “on a highway” which is also an element of section 1103 (b) applicability. While this case places that element in issue, a determination is not required for the court to reach the decision herein and I leave it for another day.

. In his affirmation in opposition to this motion, defense counsel asserts that Mr. Florio was working within the State’s right-of-way at the time of the accident. However, there is no evidence presented to establish this fact.