OPINION OF THE COURT
James B. Canfield, J.
Defendants Hudson River Construction Co., Inc., Albany Asphalt & Aggregates Corp. (AAAC), and Robert C. Higley, individually and doing business as Bob Higley Trucking, move and cross-move for summary judgment dismissing plaintiff Carlynann V. Johnson, individually and as administratrix of the estate of Warren D. Johnson’s cause of action for losses suffered by Johnson who was crushed by Higley’s truck when it backed over him at a construction site controlled by Hudson and AAAC, and who died within two weeks from his injuries.
As movants, Hudson, AAAC and Higley bear the initial burden of establishing a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to eliminate any material issues of fact from the case (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In what appears to be a case of first impression, defendants take the novel position that Vehicle and Traffic Law § 1103 eliminates the duty they owed Johnson and other highway workers on the construction site not to act negligently and only permits recovery in instances in which the equipment operators act recklessly.
Defendants’ Vehicle and Traffic Law § 1103 claim rests on a series of invalid assumptions and arguments that begin with their failure to address their burden of proof in moving for summary judgment in a negligence case. To succeed in this action plaintiff must show that defendants breached a duty of care that they owed to Johnson and that his injuries and death were proximately caused by such breach (Akins v Glens Falls School Dist., 53 NY2d 325, 333 [1981]). Thus, in order to meet their initial burdens on this summary judgment motion defendants must address and break at least one of the three necessary links in plaintiffs chain. Instead of addressing them, Higley’s counsel begins by claiming that he may move for summary judgment “based on plaintiff’s failure to establish a prima facie case against defendant Higley.” Counsel cannot eliminate the *349 fundamental requirement that movants bear the initial burden on their summary judgment motion simply by ignoring it. By ignoring that they bear the initial burden of establishing that plaintiffs cause of action is meritless (Holly v Morgan, 2 AD3d 1170 [2003]), defendants nearly ensured that they would fail to make the prima facie showing.
At the heart of defendants’ motions is their carefully avoiding any inquiry into what duty or duties they owed to Johnson while he was working at the construction site. Plaintiffs’ cause of action rests on allegations that Johnson was killed when a dump truck backed over him at a highway construction site and that that accident resulted from defendants breaching their duty to maintain a safe workplace. Had defendants given any thought to the question of whether a duty was owed to Johnson they could not have missed that Johnson was owed a duty as an “employee” rather than as a “motorist.” In a nearly identical case, the Court of Appeals clarified that the statutes requiring safe construction sites apply to highway construction projects and are applicable to accidents resulting from negligent operation of construction vehicles (Ares v State of New York, 80 NY2d 959 [1992]; also see Mosher v State of New York, 80 NY2d 286 [1992]; Dos Santos v State of New York, 300 AD2d 434 [2002]). Defendants’ ignoring their duty to provide a safe workplace for Johnson does not eliminate that duty. It ensured that defendants would fail to meet their initial burden of establishing either that they did not owe a duty to Johnson or that they did not breach that duty.
When defendants made their Vehicle and Traffic Law § 1103 argument they begged the question of what duty was actually owed to Johnson. Thus, they had no legitimate basis for assuming that the only duty that they owed Johnson flowed from the Vehicle and Traffic Law. Those errors were then compounded by their equivocal Vehicle and Traffic Law § 1103 arguments, in which they carefully take the courts’ language regarding negligence out of context, ignore the obvious point that all of the plaintiffs in the cases they cite (Riley v County of Broome, 95 NY2d 455 [2000]; Sullivan v Town of Vestal, 301 AD2d 824 [2003]; Green v Covington, 299 AD2d 636 [2002]; Farese v Town of Carmel, 296 AD2d 436 [2002]; Kearns v Piatt, 277 AD2d 677 [2000]; Wilson v State of New York, 269 AD2d 854 [2000]) were motorists rather than construction workers, and then present those cases as though Vehicle and Traffic Law § 1103 establishes a rule covering all accidents rising during highway construction.
*350 Defendants have failed to present any evidence, and the court has found no evidence, to support the argument that Vehicle and Traffic Law § 1103 applies to construction workers employed at the construction site and injured by construction vehicles.
Higley also argues that Johnson was the sole proximate cause of his own injuries. In Scott v Mead (132 AD2d 755 [1987]), the Third Department provided that summary judgment is only warranted where the essential facts underlying the proximate cause are generally undisputed or where the wrongful conduct of the defendant was not a cause of the plaintiffs injuries. Higley has failed to meet any of those preconditions. His failure to observe Johnson prior to climbing into his truck and backing over him does not exonerate him. He has not established that Johnson was assuming an unreasonable risk when he attempted to do his job by inspecting the roadway. Indeed, such evidence of Johnson’s alleged carelessness as defendants have presented contradicts their own testimony that they had no reason to expect Johnson to be where he was at the time of the accident. Even assuming that Johnson was routinely where he should not have been, defendants had an obligation to take further precautions to ensure that they would not back a truck over him.
Defendants’ failure to meet their initial burden requires denial of their motions regardless of the sufficiency of the opposing papers (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Accordingly, Hudson, AAAC and Higley’s motion and cross motion for summary judgment are denied with $100 costs each.