■ DANIEL B. PRIMEAU, Respondent, v TOWN OF AMHERST et al., Appellants. [794 NYS2d 169]—

Appeal from a judgment (denominated judgment and order) of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered January 5, 2004 in a personal injury action. The judgment denied defendants' motion to set aside a jury verdict in favor of plaintiff and dismiss the amended complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law without costs, the motion is granted, the verdict is set aside, and the amended complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle he was driving was struck at an intersection by a snowplow being driven by defendant Dennis P. Leising, an employee of defendant Town of Amherst. Defendants appeal from a judgment on the issue of liability entered upon a jury verdict in favor of plaintiff. Because Leising was engaged in plowing a highway at the time of the accident, defendants can be held liable only if Leising operated the snowplow with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103 [b]; *see Riley v County of Broome,* 95 NY2d 455, 460-465 [2000]). A person acts recklessly when he acts in conscious disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow (*see Bliss v State of New York,* 95 NY2d 911, 913 [2000]; *Riley,* 95 NY2d at 466; *Saarinen v Kerr,* 84 NY2d 494, 501 [1994]). Viewed in the light most favorable to plaintiff (*see DiSalvo v Hiller,* 2 AD3d 1386, 1387 [2003]), the evidence

establishes, at most, that Leising failed to apply his brakes soon enough to stop before reaching a stop sign, and instead inadvertently entered the intersection at a speed of three or four miles per hour. That evidence is insufficient to establish that Leising acted recklessly (*see Kearns v Piatt*, 277 AD2d 677, 679-680 [2000]; *see also Szczerbiak v Pilat*, 229 AD2d 977, 977-978 [1996], *affd* 90 NY2d 553 [1997]; *cf. Campbell v City of Elmira*, 84 NY2d 505, 510-511 [1994]). Because there is no valid line of reasoning and permissible inferences to support the jury's finding that Leising acted with reckless disregard for the safety of others (*see generally Adamy v Ziriakus*, 92 NY2d 396, 400 [1998]; *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]), we reverse the judgment and grant defendants' motion to set aside the verdict and dismiss the amended complaint (*see* CPLR 4404 [a]; *Kearns*, 277 AD2d at 679-680). In light of our determination, we need not reach defendants' contention that Supreme Court improperly dismissed the affirmative defense of culpable conduct on the part of plaintiff.

All concur except Kehoe and Hayes, JJ., who dissent and vote to affirm in the following memorandum.

Kehoe and Hayes, JJ. (dissenting). We respectfully dissent. In our view, there should be an affirmance of the judgment entered upon the jury verdict rendered in favor of plaintiff on the issue of defendants' liability. We take no issue with the majority's conclusion that, because defendant Dennis P. Leising was engaged in snowplowing operations at the time of the accident, defendants can be held liable only if Leising operated the snowplow with reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1103 [b]; *Riley v County of Broome*, 95 NY2d 455, 465-466 [2000]; *Bliss v State of New York*, 95 NY2d 911, 913 [2000]). We disagree with the majority's conclusion that there is no valid line of reasoning and permissible inferences supporting the jury's finding that Leising acted with reckless disregard (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). We further reject the contention of defendants that the verdict is against the weight of the evidence on the issue of their liability. The evidence does not so preponderate in favor of defendants that the verdict could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]).

Here, there was testimony that Leising, admittedly "[e]ssentially blind" in his left eye, did not turn his head as he admittedly would have had to do in order to ascertain whether any traffic was approaching from his left at the intersection where the accident occurred. There is also testimony that Leising never

asked William P. Walsh, Jr., his "wingman," for assistance in keeping a lookout for such traffic. The majority concludes that, as a matter of law, Leising simply failed to apply his brakes in time to stop before reaching the intersection, thus inadvertently sliding past the stop sign. In making that legal determination, the majority relies on the testimony of Leising that he braked before reaching the stop sign, at a time when the snowplow was traveling only three or four miles per hour, but that the snowplow, instead of coming to a complete stop, "slid" "one or two feet" before colliding with plaintiff's car. In our view, the majority ignores Walsh's testimony that the snowplow did not slide past the stop sign and into the intersection. There thus is evidence tending to establish that Leising entered the intersection without looking, heedless of the possible existence of traffic approaching from his left. In our view, such evidence is sufficient to support the jury's finding that Leising acted recklessly, and the verdict is not against the weight of the evidence on that issue. Present—Hurlbutt, J.P., Scudder, Kehoe, Pine and Hayes, JJ.