■ MARGARET HAIST et al., Respondents, v TOWN OF NEWSTEAD et al., Appellants. [811 NYS2d 518]—

Appeal from an order of the Supreme Court, Erie County

(Frederick J. Marshall, J.), entered June 23, 2005 in a personal injury action. The order, among other things, denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by plaintiff Margaret Haist while she was a passenger in a vehicle operated by her husband, plaintiff Arthur Haist, Jr. Plaintiffs alleged that, on the date of the accident, a snowplow operated by defendant David P. DeYoung and owned by defendants Town of Newstead and its Highway Department crossed over into plaintiffs' oncoming lane of travel, thereby forcing plaintiff husband to drive off the road and to hit a culvert.

Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. Because DeYoung was engaged in plowing a road at the time of the accident, defendants may be held liable only if DeYoung operated the snowplow with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103 [b]; *see Primeau v Town of Amherst*, 17 AD3d 1003 [2005], *affd* 5 NY3d 844 [2005]; *Riley v County of Broome*, 95 NY2d 455, 460-465 [2000]). "A person acts recklessly when he acts in conscious disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow" (*Primeau*, 17 AD3d at 1003; *see Bliss v State of New York*, 95 NY2d 911, 913 [2000]; *Riley*, 95 NY2d at 466).

Here, defendants failed to meet their burden on their motion because they failed to establish as a matter of law that DeYoung did not act with reckless disregard for the safety of others (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Indeed, in support of their motion, defendants submitted the deposition testimony of plaintiffs wherein they testified that DeYoung was traveling too fast and veered into plaintiffs' lane to avoid hitting a mailbox. Plaintiff husband further testified that the snowplow came within three feet of his vehicle, thereby causing him to drive off the road. Defendants also submitted the deposition testimony of DeYoung wherein he testified that he swerved into plaintiffs' lane to avoid hitting a mailbox. Viewing the evidence in the light most favorable to plaintiffs, the nonmoving parties (*see Russo v YMCA of Greater Buffalo*, 12 AD3d 1089 [2004], *lv dismissed* 5 NY3d 746 [2005]), we conclude on the record before us that there is an issue of fact whether DeYoung acted with reckless disregard for the safety of others. Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ.