**Jorge OLIVEIRA, Plaintiff–Appellant,**

v.

**CITY OF MOUNT VERNON, Defendant–Appellee.**

**No. 05–6946–cv.**

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

Kevin Concagh, Law Offices of Kevin Concagh, Esq., New York, New York, for Plaintiff–Appellant.

Hina Sherwani (Helen M. Blackwood, on the brief), Corporation Counsel for the City of Mount Vernon, Mount Vernon, New York, for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Jorge Oliveira appeals from the December 6, 2005 judgment of the United States District Court for the Southern District of New York (McMahon, *Judge)* granting summary judgment to defendant-appellee City of Mount Vernon (the "City"). Oliveira argues that summary judgment was improper because (1) the snowplow that allegedly hit him could not have been "actually engaged in work on a highway" at the time of the accident within the meaning of N.Y. Veh. & Traf. Law § 1103(b), thus not triggering that provision's requirement of a showing of reckless disregard; and (2) even if the City is protected by § 1103(b), there was a material factual dispute over whether the snowplow driver acted with reckless disre-

gard. We assume the parties' familiarity with the facts and procedural history of this case.

■ We review a district court's grant of summary judgment de novo. *Phaneuf v. Fraikin,* 448 F.3d 591, 595 (2d Cir.2006). The district court properly held that the City was entitled to the protection afforded by § 1103(b). Section 1103(b) exempts all vehicles "actually engaged in work on a highway"—including "hazard" vehicles such as snowplows, *see* N.Y. Veh. & Traf. Law. § 117–a—from the rules of the road and permits liability only if the driver's actions meet a "reckless disregard" standard.[1] *Riley v. Broome,* 95 N.Y.2d 455, 462–63, 719 N.Y.S.2d 623, 742 N.E.2d 98 (2000). While § 1103(b) does not cover travel to and from a work site, *see McLeod v. New York,* 8 Misc.3d 1009(A), 2005 WL 1552696, at \*3 (N.Y.Ct.Cl. May 10, 2005); *Marvin v. Town of Middlesex,* No. 00–231, 2002 WL 58928, at \*4 (N.Y.Sup.Ct. Jan. 10, 2002), or travel between work sites, *see Davis v. Inc. Village of Babylon,* 13 A.D.3d 331, 786 N.Y.S.2d 550, 551 (App. Div.2d Dep't 2004), the statute does protect a vehicle operator when he is navigating through his "run" or "beat," *see McLeod,* 2005 WL 1552696, at \*5; *McDonald v. New York,* 176 Misc.2d 130, 673 N.Y.S.2d 512, 519 (Ct.Cl.1998). Regardless of the position of the snowplow's blade, undisputed record evidence establishes that the driver received an order to go to City Hall during his shift, requiring him to drive to a location within his designated area. Because the driver was navigating through

---

1. Contrary to the district court's analysis, it does not matter if the snowplow was engaged in "hazardous operation" at the time of the accident, *see Oliveira v. City of Mount Vernon,* 401 F.Supp.2d 379, 381 (S.D.N.Y.2005) (quoting N.Y. Veh. & Traf. Law § 1103(b)); being "actually engaged in work on a highway" is sufficient. Under § 1103(b), being a hazard vehicle only serves the additional purpose of exempting that vehicle from N.Y. Veh. & Traf. Law. § 1202(a), which regulates stopping, standing, and parking. *See Riley,* 95 N.Y.2d at 462, 719 N.Y.S.2d 623, 742 N.E.2d 98. That additional exemption is irrelevant to this case.

his beat, he was "actually engaged in work on a highway."

 The district court, however, improperly granted summary judgment on the issue of whether the driver acted with reckless disregard. Viewing the evidence in the light most favorable to the party opposing summary judgment, the record could support findings that at the time of the accident, the driver—working a double shift after getting only four hours of sleep the night before—traveled at 40 to 50 miles per hour through a mixed residential neighborhood without his headlights engaged and close enough to parked cars to hit a person standing next to one. Despite substantial credibility issues, a reasonable jury could find that a driver traveling at that speed under the circumstances presented by Oliveira acted with reckless disregard for the safety of others. *See Phaneuf*, 448 F.3d at 595 (stating that courts must avoid credibility assessments in granting summary judgment).

For the foregoing reasons, the district court's judgment is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.