■ DOUGLAS J. CURELLA et al., Respondents, v TOWN OF AMHERST et al., Appellants. [909 NYS2d 265]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered September 23, 2009 in a personal injury action. The order, insofar as appealed from, denied in part defendants' motion for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Douglas J. Curella when the truck he was operating collided with a snowplow owned by defendant Town of Amherst "and/or" defendant Highway Department and operated by defendant David M. Petrie. Defendants moved for summary judgment dismissing the complaint, and Supreme Court granted only that part of the motion with respect to the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d). We conclude that the court should have granted the motion in its entirety, and we therefore reverse the order insofar as appealed from. Defendants met their initial burden of establishing that the snowplow was a hazard vehicle engaged in road work pursuant to Vehicle and Traffic Law § 1103 (b) and thus that it was exempt from the rules of the road except to the extent that its

operation constituted a "reckless disregard for the safety of others" (id.; see Riley v County of Broome, 95 NY2d 455, 460-462 [2000]; see generally Saarinen v Kerr, 84 NY2d 494, 501 [1994]). Defendants further established that Petrie did not act with such reckless disregard (see generally Primeau v Town of Amherst, 17 AD3d 1003 [2005], affd 5 NY3d 844 [2005]), and plaintiffs failed to raise a triable issue of fact in opposition to the motion (see Catanzaro v Town of Lewiston, 73 AD3d 1449 [2010]). Present—Martoche, J.P., Centra, Carni, Lindley and Green, JJ.