# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1265
CA 15-00693
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

GEORGE J. ROBERTS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MICHAEL J. ANDERSON, MICHAEL SCHRADER AND TOWN
OF AMHERST, DEFENDANTS-RESPONDENTS.

---

SHAW & SHAW, P.C., HAMBURG (JACOB A. PIORKOWSKI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered December 23, 2014. The order, among other things, granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was struck by the wing blade of a snowplow while he was clearing snow from his driveway. The snowplow was operated by defendants Michael J. Anderson and Michael Schrader, who were employed by defendant Town of Amherst. We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Defendants established in support of their motion that Anderson and Schrader were clearing snow from the road in front of plaintiff's driveway, and they thus met their initial burden of establishing that the snowplow was a vehicle "actually engaged in work on a highway" that was exempt from the rules of the road except to the extent that those operating the snowplow acted with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103 [b]; *see Riley v County of Broome*, 95 NY2d 455, 462-463; *Catanzaro v Town of Lewiston*, 73 AD3d 1449, 1449). Defendants further established that Anderson and Schrader took several safety precautions before reversing the snowplow, including checking both side mirrors and sounding the horn as a warning, as well as ensuring that the snowplow's backup lights and "beeping" alert were activated while the vehicle was traveling in reverse at a slow speed. Schrader, whose view was partially obstructed by the snowplow's raised wing blade, nevertheless informed Anderson that he was clear to reverse the snowplow, and he failed to warn Anderson of plaintiff's presence in

the street just beyond the apron of the driveway. We conclude that defendants established that the conduct of Anderson and Schrader in striking plaintiff with the snowplow "did not rise to the level of recklessness required for the imposition of liability" (*Ferreri v Town of Penfield*, 34 AD3d 1243, 1243; *see Primeau v Town of Amherst*, 17 AD3d 1003, 1003-1005, *affd* 5 NY3d 844; *Catanzaro*, 73 AD3d at 1449). Plaintiff failed to raise a triable issue of fact in opposition to the motion (*see Catanzaro*, 73 AD3d at 1449; *Ferreri*, 34 AD3d at 1243-1244).

Entered: November 20, 2015                    Frances E. Cafarell
                                              Clerk of the Court