■ LANCE FERRAND, Appellant, v TOWN OF NORTH HARMONY et al., Respondents. [47 NYS3d 207]—

Appeal from an order and judgment (one paper) of the Supreme Court, Chautauqua County (Paul B. Wojtaszek, J.), entered September 24, 2015. The order and judgment granted the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this personal injury action arising from a collision between a pickup truck and a snowplow, plaintiff appeals from an order and judgment that granted the motion of defendants for summary judgment and dismissed the complaint. We affirm.

Pursuant to statute, "the provisions of [the Vehicle and Traffic Law] . . . shall not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway," although that provision does not exempt the operators of such "vehicles or other equipment from the consequences of their reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103 [b]). The statute applies to, inter alia, vehicles and equipment owned or operated by a town (*see* § 1103 [a]), and it is well settled that the statute applies to the operators of snowplows when they are "actually engaged in work on a highway" (§ 1103 [b]; *see Wilson v State of New York*, 269 AD2d 854, 854-855 [2000], *affd sub nom. Riley v County of Broome*, 95 NY2d 455, 461-463 [2000]). Contrary to plaintiff's contention, Supreme Court properly concluded that defendants met their burden on the motion of establishing that "the snowplow was a vehicle 'actually engaged in work on a highway' that was exempt from the rules of the road except to the extent that those operating the snowplow acted with 'reckless disregard for the safety of others'" (*Roberts v Anderson*, 133 AD3d 1384, 1385 [2015]; *see Guereschi v Bouchard*, 286

AD2d 997, 998 [2001], *lv denied* 97 NY2d 613 [2002]; *see also Oliveira v City of Mount Vernon*, 209 Fed Appx 82, 83 [2006]). Plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Contrary to plaintiff's further contention, he failed to raise a triable issue of fact whether the snowplow operator acted in reckless disregard for the safety of others. That standard requires evidence that a person has acted "in conscious disregard of a known or obvious risk that [was] so great as to make it highly probable that harm [would] follow" (*Primeau v Town of Amherst*, 17 AD3d 1003, 1003 [2005], *affd* 5 NY3d 844 [2005]; *see Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *see generally Bliss v State of New York*, 95 NY2d 911, 913 [2000]). Here, defendants met their burden of establishing that the snowplow operator did not act with such reckless disregard (*see Curella v Town of Amherst*, 77 AD3d 1301, 1302 [2010]; *see generally Primeau*, 17 AD3d at 1003-1004), and plaintiff failed to raise a triable issue of fact (*see Catanzaro v Town of Lewiston*, 73 AD3d 1449, 1449 [2010]; *see also Rockland Coaches, Inc. v Town of Clarkstown*, 49 AD3d 705, 706-707 [2008]; *Ring v State of New York*, 8 AD3d 1057, 1057 [2004]). Present—Smith, J.P., Carni, Lindley, DeJoseph and NeMoyer, JJ.