# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**169**

**CA 16-00117**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

LANCE FERRAND, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

TOWN OF NORTH HARMONY AND BRUCE STEVENS,
DEFENDANTS-RESPONDENTS.

---

BRIAN CHAPIN YORK, JAMESTOWN, FOR PLAINTIFF-APPELLANT.

WEBSTER SZANYI LLP, BUFFALO (MICHAEL P. MCCLAREN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Chautauqua County (Paul B. Wojtaszek, J.), entered September
24, 2015. The order and judgment granted the motion of defendants for
summary judgment dismissing the complaint.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: In this personal injury action arising from a
collision between a pickup truck and a snowplow, plaintiff appeals
from an order and judgment that granted the motion of defendants for
summary judgment and dismissed the complaint. We affirm.

Pursuant to statute, "the provisions of [the Vehicle and Traffic
Law] . . . shall not apply to persons, teams, motor vehicles, and
other equipment while actually engaged in work on a highway," although
that provision does not exempt the operators of such "vehicles or
other equipment from the consequences of their reckless disregard for
the safety of others" (Vehicle and Traffic Law § 1103 [b]). The
statute applies to, inter alia, vehicles and equipment owned or
operated by a town (*see* § 1103 [a]), and it is well settled that the
statute applies to the operators of snowplows when they are "actually
engaged in work on a highway" (§ 1103 [b]; *see Wilson v State of New
York*, 269 AD2d 854, 854-855, *affd sub nom. Riley v County of Broome*,
95 NY2d 455, 461-463). Contrary to plaintiff's contention, Supreme
Court properly concluded that defendants met their burden on the
motion of establishing that "the snowplow was a vehicle 'actually
engaged in work on a highway' that was exempt from the rules of the
road except to the extent that those operating the snowplow acted with
'reckless disregard for the safety of others' " (*Roberts v Anderson*,
133 AD3d 1384, 1385; *see Guereschi v Bouchard*, 286 AD2d 997, 998, *lv
denied* 97 NY2d 613; *see also Oliveira v City of Mount Vernon*, 209 Fed

Appx 82, 83).  Plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Contrary to plaintiff's further contention, he failed to raise a triable issue of fact whether the snowplow operator acted in reckless disregard for the safety of others.  That standard requires evidence that a person has acted "in conscious disregard of a known or obvious risk that [was] so great as to make it highly probable that harm [would] follow" (*Primeau v Town of Amherst*, 17 AD3d 1003, 1003, *affd* 5 NY3d 844; *see Saarinen v Kerr*, 84 NY2d 494, 501; *see generally Bliss v State of New York*, 95 NY2d 911, 913).  Here, defendants met their burden of establishing that the snowplow operator did not act with such reckless disregard (*see Curella v Town of Amherst*, 77 AD3d 1301, 1302; *see generally Primeau*, 17 AD3d at 1003-1004), and plaintiff failed to raise a triable issue of fact (*see Catanzaro v Town of Lewiston*, 73 AD3d 1449, 1449; *see also Rockland Coaches, Inc. v Town of Clarkstown*, 49 AD3d 705, 706-707; *Ring v State of New York*, 8 AD3d 1057, 1057).

Entered:  February 10, 2017

Frances E. Cafarell
Clerk of the Court