Harris v Hanssen (2018 NY Slip Op 03257)





Harris v Hanssen


2018 NY Slip Op 03257


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


398 CA 17-01090

[*1]MICHELLE L. HARRIS AND ADAM M. PROSSER, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
MICHAEL R. HANSSEN AND TOWN OF ROYALTON, DEFENDANTS-APPELLANTS-RESPONDENTS.
MICHAEL R. HANSSEN AND TOWN OF ROYALTON, COUNTER-CLAIM PLAINTIFFS-APPELLANTS,
v
ADAM M. PROSSER, COUNTER-CLAIM DEFENDANT-RESPONDENT. 






BOUVIER LAW LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS AND COUNTER-CLAIM PLAINTIFFS-APPELLANTS. 
FRIEDMAN & RANZENHOFER, P.C., AKRON (SAMUEL A. ALBA OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 
LAW OFFICES OF DANIEL R. ARCHILLA, BUFFALO (MARTHA DONOVAN OF COUNSEL), FOR COUNTER-CLAIM DEFENDANT-RESPONDENT. 


 Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Frank Caruso, J.), entered March 7, 2017. The order and judgment, inter alia, denied defendants' motion for summary judgment dismissing the complaints and to disqualify plaintiffs' counsel, and granted in part and denied in part plaintiffs' cross motion for partial summary judgment and for leave to amend the complaints. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the cross motion in its entirety and granting defendants' motion in part and dismissing the complaints, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiffs commenced separate actions, which were thereafter consolidated, seeking damages for injuries that they sustained when the vehicle in which they were traveling was struck by a snowplow owned by defendant Town of Royalton and operated by defendant Michael R. Hanssen. Hanssen was proceeding north on Ertman Road, which ends at a T-intersection at State Route 93. Hanssen intended to turn right onto Route 93, deposit plowed snow off the right shoulder of that road, and then turn around and proceed south on Ertman Road. The accident occurred when Hanssen failed to stop at a stop sign and struck plaintiffs' vehicle, which was proceeding eastbound on Route 93. Defendants appeal and plaintiffs cross-appeal from an order and judgment that, inter alia, denied defendants' motion for summary judgment dismissing the complaints and to disqualify plaintiffs' counsel, denied that part of plaintiffs' cross motion for summary judgment on the issue whether defendants acted with reckless disregard for the safety of others, and granted those parts of plaintiffs' cross motion for summary judgment on the issue of defendants' negligence and for leave to amend the complaints to add a claim based on the standard of care of reckless disregard.
We agree with defendants on their appeal that Supreme Court erred in denying that part of their motion for summary judgment dismissing the complaints and we therefore modify the order and judgment accordingly. In support of their motion, defendants established as a matter of law that the reckless disregard standard of care, and not negligence, is applicable to this case pursuant to Vehicle and Traffic Law § 1103 (b), and plaintiffs failed to raise a triable issue of fact. Defendants submitted the deposition testimony of Hanssen, who testified that he was plowing snow and salting the roads on his assigned route at the time of the accident, and section 1103 (b) applies where, as here, a snowplow truck is "actually engaged in work on a highway" (see Riley v County of Broome, 95 NY2d 455, 461 [2000]). Contrary to plaintiffs' contention, although defendants also submitted the deposition testimony of plaintiffs that the plow blade was up at the time of the accident, that is not enough to raise an issue of fact inasmuch as it was uncontroverted that Hanssen was salting the road and was "working his run' or beat' at the time of the accident" (Arrahim v City of Buffalo, 151 AD3d 1773, 1773 [4th Dept 2017]; see Matsch v Chemung County Dept. of Pub. Works, 128 AD3d 1259, 1260-1261 [3d Dept 2015], lv denied 26 NY3d 997 [2015]).
We further conclude that defendants established as a matter of law that Hanssen did not act with reckless disregard for the safety of others, and plaintiffs failed to raise a triable issue of fact. Recklessness is the "disregard of a known or obvious risk so great as to make it highly probable that harm would follow and done with conscious indifference to the outcome" (Campbell v City of Elmira, 84 NY2d 505, 510 [1994]; see Bliss v State of New York, 95 NY2d 911, 913 [2000]). Hanssen testified at his deposition that he slowed down as he approached the stop sign and was moving at a speed of five miles per hour just prior to the intersection. He looked both ways for traffic, but did not see plaintiffs' approaching vehicle. That evidence, which was not controverted by the deposition testimony of plaintiffs, established that Hanssen did not act with reckless disregard for the safety of others (see Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d 705, 706-707 [2d Dept 2008]; cf. Ruiz v Cope, 119 AD3d 1333, 1334 [4th Dept 2014]; see also Primeau v Town of Amherst, 17 AD3d 1003, 1003-1004 [4th Dept 2005], affd 5 NY3d 844 [2005]). We likewise reject plaintiffs' contention on their cross appeal that they were entitled to summary judgment on the issue of defendants' reckless conduct.
In light of our determination, defendants' remaining contentions are academic.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court