■ JUDY A. GREEN et al., Appellants, v CLIFTON A. COVINGTON et al., Respondents. [750 NYS2d 162] —Cardona, P.J. Appeal from an order of the Supreme Court (Demarest, J.), entered August 17, 2001 in St. Lawrence County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

On February 8, 1998, defendant Clifton A. Covington (hereinafter defendant), a facilities technician employed by defendant Bell Atlantic-New Jersey, was on loan to defendant Bell Atlantic-New York in the aftermath of a severe ice storm in upstate New York. Defendant parked his telephone utility aerial truck near a utility pole on the shoulder of the southbound lane of rural Gulf Road in the Town of Colton, St. Lawrence County, in order to repair a loose clamp on the pole. He activated the vehicle's flashers and rotating amber beacon lights and placed three orange safety cones at intervals behind his truck to a distance of approximately 18 feet. He entered the vehicle's bucket and raised himself on the boom to a height of about 21 feet. Approximately 15 minutes later, at about 2:00 P.M., a southbound car operated by plaintiff Judy A. Green collided with the utility truck while defendant was still inside the raised bucket. Plaintiff and her husband, derivatively, commenced this personal injury action to recover damages.

Following discovery, defendants moved for summary judgment dismissing the complaint contending that plaintiffs' allegations failed, as a matter of law, to satisfy the "reckless disregard" standard set forth in Vehicle and Traffic Law § 1103 (b). Plaintiffs cross-moved, inter alia, to compel further disclosure. Supreme Court granted defendants' motion, finding that the liability issue was governed by the "reckless disregard" standard and plaintiff could not prove that defendant had acted with reckless disregard for her safety. The court therefore denied the cross motion and dismissed the complaint.

Initially, on this appeal, we address plaintiffs' argument that consideration of defendants' summary judgment motion was premature because it was made before plaintiffs could conduct

further depositions. Although a court may postpone a decision on a summary judgment motion when an affidavit submitted in opposition to it "demonstrates that opposing facts may exist, * * * an opposing party must demonstrate how further discovery might reveal material facts in the movant's exclusive knowledge; * * * mere speculation will be insufficient" (*Scofield v Trustees of Union Coll. in Town of Schenectady*, 267 AD2d 651, 652 [citations omitted]; *see* CPLR 3212 [f]). Here, plaintiffs' proof fell short of the required showing and, therefore, it was proper for Supreme Court to consider defendants' motion.

Next, plaintiffs argue that Supreme Court erred when it applied the "reckless disregard" standard of care set forth in Vehicle and Traffic Law § 1103 (b). While acknowledging that this statute exempts vehicles "actually engaged in work on a highway" from the rules of the road, plaintiffs contend that defendant's vehicle was not engaged in road work, i.e., maintenance or repair work to the highway itself. Rather, plaintiffs indicate that the truck was parked on the side of the road. We note, however, that Vehicle and Traffic Law § 1103 (b) also provides that the provisions of Vehicle and Traffic Law § 1202 (a), which regulates stopping, standing and parking, do not "apply to hazard vehicles while actually engaged in hazardous operation on or adjacent to a highway" (*accord Riley v County of Broome*, 95 NY2d 455, 462). Included within the definition of a "hazard vehicle" is a "vehicle owned and operated or leased by a utility, whether public or private, used in the construction, maintenance and repair of its facilities" (Vehicle and Traffic Law § 117-a). A "hazardous operation" is defined as "[t]he operation, or parking, of a vehicle on or immediately adjacent to a public highway while such vehicle is actually engaged in an operation which would restrict, impede or interfere with the normal flow of traffic" (Vehicle and Traffic Law § 117-b). Clearly, defendant's vehicle was a "hazard vehicle" which was engaged in a "hazardous operation" at the time of the accident. Accordingly, under the circumstances herein, we find that Supreme Court correctly applied the "reckless disregard" standard in determining defendants' summary judgment motion.

Plaintiffs also contend that, even if the "reckless disregard" standard is applicable, a question of fact exists with respect to whether defendant's conduct was reckless. The "reckless disregard" standard requires a showing that " 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr*,

84 NY2d 494, 501, quoting Prosser and Keaton, Torts § 34, at 213 [5th ed]; *see Kearns v Piatt*, 277 AD2d 677, 679). Here, defendant's utility truck was parked as far off the road as possible with some 17 feet of paved roadway adjacent to it for passing. The truck's lights were flashing and three cones were placed behind it to a distance of 18 feet. The evidence also established that the sun was shining brightly and the truck could be seen from a distance of nearly 600 feet by southbound motorists. In our view, neither defendant's failure to put out a "men working sign" nor position cones beginning 500 feet from the truck—alleged violations of internal company rules—rise to the required level of reckless disregard. Accordingly, we find that Supreme Court properly awarded summary judgment to defendants dismissing the complaint.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.