# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**236**

**CA 13-01534**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

EDWARD GAWRON AND JOANNE GAWRON,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

TOWN OF CHEEKTOWAGA AND DAVID J. GRZYBEK,
DEFENDANTS-APPELLANTS.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MARTHA E. DONOVAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT EDWARD GAWRON.

LAW OFFICE OF MICHAEL D. HOLLENBECK, BUFFALO (MICHAEL D. HOLLENBECK OF COUNSEL), FOR PLAINTIFF-RESPONDENT JOANNE GAWRON.

---------------------------------------------------------------------------------------------------------------

Appeal from an amended order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered June 11, 2013. The amended order, insofar as appealed from, denied the cross motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the amended order so appealed from is modified on the law by granting defendants' cross motion in part and dismissing the negligence claims in the first cause of action and as modified the amended order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when the vehicle operated by Edward Gawron (plaintiff), in which plaintiff Joanne Gawron was a passenger, was struck by a truck owned by defendant Town of Cheektowaga (Town) and operated by defendant David J. Grzybek, an employee of the Town. The truck was equipped with a plow and, at the time of the accident, the plow was down and Grzybek was in the process of using that plow to remove accumulated water and debris from the road. As plaintiffs allege, "the water was propelled onto the windshield of the . . . truck . . . , blocking [Grzybek's] vision and causing him to cross over into an oncoming lane and into . . . [plaintiffs'] vehicle." Plaintiffs alleged that the accident "was caused as a result of the negligent, careless, reckless and unlawful conduct on the part of the defendants."

Plaintiff moved for partial summary judgment on the issue of defendants' negligence as well as the affirmative defenses asserted

against him, and defendants cross-moved for summary judgment dismissing the complaint.  As relevant on appeal, Supreme Court denied defendants' cross motion in its entirety.

Defendants contend on appeal that the court erred in denying their cross motion because they established that Vehicle and Traffic Law § 1103 (b) applies as a matter of law and that Grzybek was not acting recklessly at the time of the accident.  We agree with defendants that, as a matter of law, the truck operated by Grzybek was "actually engaged in work on a highway" at the time of the accident (*id.*), "and thus that it was exempt from the rules of the road except to the extent that its operation constituted a 'reckless disregard for the safety of others' " (*Curella v Town of Amherst*, 77 AD3d 1301, 1301-1302; *see generally Riley v County of Broome*, 95 NY2d 455, 462).  We further conclude, however, that there are triable issues of fact whether Grzybek acted with such reckless disregard at the time of the accident.  We therefore modify the amended order by granting only that part of defendants' cross motion for summary judgment seeking dismissal of the negligence claims asserted in the first cause of action.

Vehicle and Traffic Law § 1103 "exempts all persons and vehicles 'while actually engaged in work on a highway' from the Vehicle and Traffic Law provisions (§ 1103 [b]), except for those provisions relating to driving while intoxicated offenses" (*Kabir v County of Monroe*, 68 AD3d 1628, 1632, *affd* 16 NY3d 217).  A "highway" is defined as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel" (§ 118).  Although the road on which the accident occurred was a service road, it was publicly maintained and open to the use of the public for the purpose of vehicular travel (*see generally Groninger v Village of Mamaroneck*, 17 NY3d 125, 129; *People v County of Westchester*, 282 NY 224, 228-229).  We thus conclude that the service road constitutes a highway within the meaning of section 1103 (b) as a matter of law.

As we have recently written, "the inclusion of the language 'actually engaged in work on a highway' indicates that the exemption applies only when such work is in fact being performed at the time of the accident . . . To conclude otherwise would render superfluous the phrase 'actually engaged' " (*Hofmann v Town of Ashford*, 60 AD3d 1498, 1499).  Grzybek was a maintenance janitor whose normal and routine duties included driving a truck, patching roads and snow plowing.  The accident occurred after Grzybek had taken his lunch break at one Town building and was returning to another Town building to continue his work.  He took the service road for a "change of scenery."  It is undisputed that, on the day of the accident, Grzybek had not received any specific assignment to plow the water and debris from the road and that he did so on his own "initiative."  It is also undisputed that, while not a common endeavor, Town maintenance employees such as Grzybek had taken it upon themselves to use the plows attached to their trucks to plow puddles, similar to the one plowed by Grzybek, from highways on other occasions.  Plaintiffs contend that, because Grzybek was not performing his "assigned work," section 1103 (b) does

not apply.  We are thus called upon to interpret the word "work" as used in the statute.

"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature . . . As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof . . . In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning" (*Majewski v Broadalbin-Perth Cent. Sch. Dist.*, 91 NY2d 577, 583 [internal quotation marks omitted]).  Indeed, "[t]he function of the courts is to enforce statutes, not to usurp the power of legislation, and to interpret a statute where there is no need for interpretation, to conjecture about or to add to or to subtract from words having a definite meaning, or to engraft exceptions where none exist are trespasses by a court upon the legislative domain" (McKinney's Cons Laws of NY, Book 1, Statutes § 76, Comment at 168).  Thus, "new language cannot be imported into a statute to give it a meaning not otherwise found therein" (§ 94, Comment at 190), and "a court cannot amend a statute by inserting words that are not there" (§ 363, Comment at 525; *see Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394, *rearg denied* 85 NY2d 1033).

Here, the statute exempts "all [municipal] vehicles 'actually engaged in work on a highway' . . . from the rules of the road" (*Riley*, 95 NY2d at 461).  The statute does not state that it exempts only those vehicles engaged in "assigned" work.  Plowing water and debris from a road is work, and that work is within the scope of Grzybek's duties.  Plaintiffs do not suggest otherwise.  Rather, their contention is that the statute applies only when the vehicles are "performing their assigned work" and that Grzybek was not assigned to plow water and debris from the service road on the day of the accident.  In our view, interpreting the statute as the dissent and plaintiffs suggest improperly adds language to the statute by qualifying the word "work."  It is not the function of this Court to usurp the power of the legislature and rewrite a clear and unambiguous statute.  Aside from statutory exceptions not relevant herein, all municipal vehicles actually engaged in work are exempt from the rules of the road.  Inasmuch as Grzybek's vehicle was actually engaged in work, albeit unassigned work, the reckless disregard standard of care set forth in Vehicle and Traffic Law § 1103 (b) applies as a matter of law.

Defendants further contend that, as a matter of law, Grzybek's conduct did not rise to the level of reckless disregard for the safety of others within the meaning of Vehicle and Traffic Law § 1103 (b).  We reject that contention.  Even assuming, arguendo, that defendants established their entitlement to judgment as a matter of law on that issue, we conclude that plaintiffs, in opposition to defendants' cross motion, submitted evidence from which a jury could find that Grzybek

"had intentionally committed an act of an unreasonable character in disregard of a known or obvious risk ' "that was so great as to make it highly probable that harm would follow" and [did] so with conscious indifference to the outcome' " (*Ferreri v Town of Penfield*, 34 AD3d 1243, 1243-1244, quoting *Saarinen v Kerr*, 84 NY2d 494, 501).

All concur except LINDLEY and SCONIERS, JJ., who dissent and vote to affirm in the following Memorandum:  We respectfully dissent because we conclude, based on the facts and circumstances of the subject motor vehicle accident, that Vehicle and Traffic Law § 1103 (b) does not apply as a matter of law in this case.  We therefore conclude that Supreme Court properly refused to dismiss the negligence claims in the first cause of action.  Specifically, while we agree with the majority that the access road where the accident occurred constitutes a "highway" (*see generally Groninger v Village of Mamaroneck*, 17 NY3d 125, 129; *Healy v City of Tonawanda*, 234 AD2d 982, 983), we conclude that the actions of defendant David J. Grzybek, an employee of defendant Town of Cheektowaga (Town), at the time of the accident are not protected by the statute because he was not "actually engaged in work on a highway" as contemplated by the statute (§ 1103 [b]).

It is undisputed that (1) Grzybek's duties had included plowing snow, but on the day of the accident he was assigned to perform maintenance and janitorial work at the Town's senior center; (2) on this date in late March, the snow plow was on the pickup truck that Grzybek was driving only because the Town had not yet had the time or opportunity to remove it; (3) Grzybek was returning from lunch at the time of the accident and he had chosen this route along this access road simply for "a change of scenery"; (4) it was not common to use a plow to move water from a road, but it had been done on previous occasions; (5) there was no proof that plows were ever used to remove debris from a road; (6) Grzybek was not instructed to remove the water and debris from this access road, but did so on his own initiative; (7) he had, in fact, never been instructed by a supervisor to use a plow to remove either water or debris from roads; (8) there is no evidence suggesting that the water or debris posed an immediate hazard on this access road; and (9) Grzybek was terminated as a result of this incident.  Notably, Grzybek testified that, depending on the nature of the debris, the usual procedure for removing debris from roads involved using high lifts or brooms.

Vehicle and Traffic Law § 1103 is a statute in derogation of the common law.  " 'The Legislature in enacting statutes is presumed to have been acquainted with the common law, and generally, statutes in derogation or in contravention thereof, are strictly construed, to the end that the common law system be changed only so far as required by the words of the act and the mischief to be remedied' " (*Kirshtein v AmeriCU Credit Union*, 65 AD3d 147, 152, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 301 [a], Comment).  Moreover, given that this statute is " 'in derogation of [a] plaintiff's common-law rights,' the statute . . . should be strictly construed in the plaintiff[s'] favor" (*Goodwin v Pretorius*, 105 AD3d 207, 216).

The majority's overly broad application of section 1103 (b) in this case stands in stark contrast to the much narrower scope that courts have afforded to Vehicle and Traffic Law § 1104.  Section 1104 applies the reckless disregard standard to an "authorized emergency vehicle," but only if the driver of that vehicle is engaged in an "emergency operation" as that term is defined in Vehicle and Traffic Law § 114-b and the driver is engaged in one of the specific types of protected conduct enumerated in Vehicle and Traffic Law § 1104 (b) (*see Kabir v County of Monroe*, 16 NY3d 217, 220; *LoGrasso v City of Tonawanda*, 87 AD3d 1390, 1391).

Given the limits that the statute and case law apply to Vehicle and Traffic Law § 1104 for first responders, we conclude that the legislature could not possibly have intended to apply such a broad interpretation to the phrase "actually engaged in work on a highway" in Vehicle and Traffic Law § 1103 (b) as that applied by the majority here.  It is clear that, on the day of the subject accident, Grzybek was not assigned to clear water or debris from this access road or any other road in the Town.  Moreover, he was not assigned that day to use the plow on this pickup in any way whatsoever, and his use of the truck on this day was solely to transport himself and any equipment necessary to perform maintenance and janitorial work.  By applying Vehicle and Traffic Law § 1103 (b) as a matter of law in this case, the majority is effectively holding that the statute applies in every case to all public employees, no matter their status, duties or job assignments, who, at any time, decide, in their sole discretion, to use even the most inept, incompetent and ill-advised methods to perform a task that could possibly be construed as "work on a highway," thereby leaving injured persons uncompensated for their injuries unless they can satisfy the "reckless disregard for the safety of others" standard.  Such a result extends the scope of Vehicle and Traffic Law § 1103 (b) far beyond what the legislature intended, especially given the corresponding limits that Vehicle and Traffic Law § 1104 places on the police and other first responders. We would therefore apply the standard of ordinary negligence to defendants in this personal injury action, and we would affirm the amended order.

Entered:  May 2, 2014                        Frances E. Cafarell
                                             Clerk of the Court