This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------

No. 79
Alex Irrizarry Deleon,
          Respondent,
        v.
New York City Sanitation
Department, et al.,
          Appellants.

Elizabeth I. Freedman, for appellants.
David L. Scher, for respondent.

MEMORANDUM:

The order of the Appellate Division, insofar as
appealed from, should be affirmed, with costs, and the certified
question answered in the affirmative.

Plaintiff Alex Irrizarry DeLeon sued defendants New
York City, the City Department of Sanitation and Sanitation

- 1 -

Department employee Robert P. Falcaro, for personal injuries incurred when a Department of Sanitation street sweeper operated by Falcaro collided with DeLeon's vehicle.  According to DeLeon, he was in his vehicle on the side of the street when Falcaro came along at a high rate of speed and hit his vehicle from behind.  For his part, Falcaro argued that he rear-ended DeLeon's vehicle after DeLeon abruptly entered the lane where Falcaro was driving the sweeper.

DeLeon moved for summary judgment on the issue of liability and defendants cross-moved for summary judgment.  Supreme Court denied DeLeon's motion, granted defendants summary judgment, and dismissed the complaint.  The Appellate Division, with one justice dissenting in part, modified on the law, denying defendants' motion and otherwise affirmed (Deleon v New York City Sanitation Dept., 116 AD3d 404, 404 [1st Dept 2014]).

The Appellate Division concluded that, under the Rules of the City of New York in effect at the time of the accident, defendants were subject to an ordinary negligence standard of liability.  Applying that standard, the majority held that DeLeon failed to make out his prima facie case that defendants were the proximate cause of the collision because there were issues of fact as to DeLeon's own negligence.  The dissent argued that under the reckless disregard standard of care set forth in Vehicle and Traffic Law (VTL) § 1103 (b) and adopted at the time of the collusion by 34 RCNY § 4-02 (d) (1) (iv), Supreme Court

properly denied DeLeon's motion and granted defendants summary judgment because the record lacked evidence of Falcaro's recklessness within the meaning of the statute.

Defendants appeal the Appellate Division's order of modification and contend they are entitled to summary judgement regardless of what standard of liability is applicable. The Appellate Division certified the question whether the order of the Supreme Court, as modified and otherwise affirmed, was properly made.

As an initial matter, we agree with defendants that the Appellate Division should have applied the recklessness standard of care to the facts of this case. The Vehicle and Traffic Law sets forth a uniform set of traffic regulations known as the "rules of the road" (see Riley v County of Broome, 95 NY2d 455, 462 [2000]). However, under VTL § 1642, the City of New York is authorized to establish additional rules, including rules that supercede those of the State (see VTL § 1642 [a] ["the legislative body of any city having a population in excess of one million, may by local law . . . restrict or regulate traffic on or pedestrian use of any highway . . .]). At the time of the accident, 34 RCNY § 4-02 (d) (1)(v) provided that VTL § 1103 applies "to any person or team or any operator of a motor vehicle or other equipment while actually engaged in work on a highway" and that

> "such persons are not relieved from the duty
> to proceed at all times during all phases of

> such work with due regard for the safety of
> all persons nor shall the foregoing
> provisions of this subparagraph protect such
> persons or teams or such operators of motor
> vehicles or other equipment from the
> consequences of their reckless disregard for
> the safety of others"

(34 RCNY § 4-02 [d] [1] [iv]).

In Riley, this Court held that the unambiguous language of VTL § 1103 (b), as further supported by its legislative history, made clear that the statute exempts from the rules of the road all vehicles, including sanitation sweepers, which are "actually engaged in work on a highway" (95 NY2d at 460), and imposes on such vehicles a recklessness standard of care (see id. at 466). The Court further concluded that liability under that standard is established upon a showing that the covered vehicle's operator "'has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (id. at 466, citing Saarinen v Kerr, 84 NY2d 494, 501 [1994]).

DeLeon contends the correct standard is found not in 34 RCNY § 4-02 (d) (1)(iv), but in another provision in effect at the time of the accident, namely 34 RCNY § 4-02 (d) (1) (iii) (A), titled "Snow plows, sand spreaders, sweepers and refuse trucks". That subparagraph provided, in relevant part,

> "[t]he operator of a New York City Department
> of Sanitation ... sweeper ..., while in the
> performance of his/her duty and acting under
> the orders of his/her superior may make such

> turns as are necessary and proceed in the
> direction required to complete his/her
> cleaning ... operations subject to § 1102 of
> the [VTL which requires compliance with
> police and other official traffic
> instructions].  The provisions of this
> subparagraph shall not apply while traveling
> to or from such work locations."

DeLeon essentially argues that by its silence this provision applies a negligence standard to sweeper operators, and that application of subparagraph (iv) here would render subparagraph (iii) meaningless.  We disagree because that interpretation is unsupported by the language of the statute.

Subparagraph (iv) applies VTL § 1103 to all operators "actually engaged in work on a highway", which, as the Court held in Riley includes street sweepers (see Riley, 95 NY2d at 463).  Those workers, then, are subject to the recklessness standard, which this Court has described as a "minimum standard of care" (id. at 466 [holding that the legislative history of VTL § 1103 evinces an intent to impose "a minimum standard of care" on operators of vehicles engaged in road work]).  Even assuming DeLeon is correct that subparagraph (iii) adopts a negligence standard, that specific provision applies only in the limited circumstances set forth therein.  However, because at the time of the collision Falcaro was operating the sweeper to clean the street and was not engaged in any of the activities referenced in subdivision (iii), he was engaged in highway maintenance within the meaning of subparagraph (iv) and thus subject to the

recklessness standard of care.

Notwithstanding DeLeon's arguments to the contrary, the 2013 amendments which repealed subparagraph (iii) (A) do not support a different interpretation of the statute. Those amendments simply eliminated subparagraph (iii), and imposed the recklessness standard to workers engaged in work on a roadway, under all circumstances (see 34 RCNY § 4-02, Note 5 ["Statement of Basis and Purpose in City Record Mar. 4, 2013"]).

Having resolved the question of the applicable standard of care, we next consider whether defendants were entitled to summary judgment. As we have made clear, the summary judgment movant bears the heavy burden of establishing "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012][citations and quotations omitted]; see also CPLR 3212 [b]).

Unlike the majority of our reckless disregard cases, Falcaro was not responding to an emergency, but instead was operating a street sweeper during the ordinary course of his duties. With this in mind, we conclude that defendants failed to meet their burden because material issues of fact remain as to whether Falcaro operated his street sweeper in a reckless manner and the extent of DeLeon's own negligence. As is plain from

their respective motions, the parties dispute critical factual details of the collision.  Most notably, DeLeon alleges he was rear-ended as he sought to move left and away from the curb, whereas Falcaro contends that he was sweeping on the right side of the street when he observed DeLeon's vehicle make "a pretty sudden move" from the middle lane of the street towards the right curb. In addition, photographs in the record show damage to the passenger side of DeLeon's vehicle and the sweeper's right front fender, seemingly consistent with Falcaro's testimony.  However, Falcaro admitted that when he observed DeLeon's vehicle, he did not slow down or apply his brakes in an attempt to avoid the collision, and "hit [DeLeon] fairly well," causing DeLeon's jeep to spin out 180 degrees.  If a fact finder concludes that the driver could, but failed to, take evasive action to avoid a forceful collision, a reasonable jury could find that this conduct rises to the reckless standard.  Thus, the Appellate Division properly modified on the law and denied defendants' motion for summary judgment.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order, insofar as appealed from, affirmed, with costs, and certified question answered in the affirmative, in a memorandum. Chief Judge Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided June 10, 2015