■ JEAN DEJEAN, Appellant, v LUTHER D. LAWTON et al., Respondents. [26 NYS3d 162]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated May 2, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff, a livery cab driver, was parked on the shoulder of a traffic circle near an exit ramp off of the Belt Parkway in Brooklyn when his vehicle was struck by a snow plow driven by the defendant Luther D. Lawton, an employee of the defendant New York City Department of Transportation. The plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

On appeal, the plaintiff asserts that the Supreme Court should have assessed Lawton's liability based on an ordinary

negligence standard of care because, at the time of the accident, the City regulation governing snow plows (former 34 RCNY 4-02 [d] [1] [iii] [A]) did not expressly set forth a standard of care. Contrary to the plaintiff's argument, a recklessness standard of care applied in this matter. The Court of Appeals recently held that, even though former 34 RCNY 4-02 (d) (1) (iii) (A) did not specifically identify the applicable standard of care, in light of the language of the statute as a whole, its legislative history, and related case law, the standard was recklessness (*see Deleon v New York City Sanitation Dept.*, 25 NY3d 1102, 1106 [2015]; *Riley v County of Broome*, 95 NY2d 455, 463 [2000]; 34 RCNY 4-02 [d] [1] [iv]). Accordingly, in this matter, the defendants will only be liable if Lawton acted in conscious disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (*see Riley v County of Broome*, 95 NY2d at 465-466).

The defendants failed to make a prima facie showing that Lawton did not drive the snow plow recklessly (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). There are material questions of fact with regard to the existence of a stop sign at the bottom of the exit ramp and whether Lawton honked his horn so as to alert the plaintiff to move his vehicle. Lawton testified at his deposition that he did not stop before entering the traffic circle. The record reflects that, given the plaintiff's presence on the shoulder and the heavy traffic in the traffic circle, a factfinder could conclude that Lawton should have stopped and that his failure to do so constituted reckless conduct (*see Deleon v New York City Sanitation Dept.*, 25 NY3d at 1107; *Bliss v State of New York*, 95 NY2d 911, 913 [2000]; *Faria v City of Yonkers*, 84 AD3d 1306, 1307 [2011]; *Haist v Town of Newstead*, 27 AD3d 1133, 1134 [2006]). Thus, the Supreme Court improperly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.