Egan Jr., J.
 

 Appeal from an order of the Supreme Court (Farley, J.), entered May 9, 2016 in St. Lawrence County, which granted defendants’ motion for summary judgment dismissing the complaint.
 

 Defendant Russell Crump was a heavy equipment operator employed by defendant Village of Potsdam in its Department of Public Works. On March 17, 2011, Crump, who worked the 11:00 p.m. to 7:00 a.m. shift, was assigned, along with a coworker, to clean accumulated sand and debris from a municipal parking lot known as the Prosh lot. At approximately 4:00 a.m. on March 18, 2011, as Crump was backing a front-end loader away from a Village dump truck, he struck and ran over plaintiff as she walked across the lot after visiting a friend’s home.
 

 Plaintiff thereafter commenced this action to recover damages for the injuries that she sustained. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court, in a brief bench decision, determined that the operation of the loader fell within the ambit of “highway work” under Vehicle and Traffic Law § 1103 (b) and therefore granted defendants’ motion and dismissed the complaint, prompting this appeal by plaintiff.
 

 Vehicle and Traffic Law § 1103 (b) provides that the safety rules and regulations governing the operation of vehicles upon highways (i.e., the “rules of the road”) will “not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway . . . [or] to hazard vehicles while actually engaged in hazardous operation on or adjacent to a highway” (see Deleon v New York City Sanitation Dept., 25 NY3d 1102, 1105 [2015]; Riley v County of Broome, 95 NY2d 455, 462 [2000]; Sullivan v Town of Vestal, 301 AD2d 824, 824 [2003]). As the Court of Appeals has recognized, the legislative intent behind Vehicle and Traffic Law § 1103 (b) was “to create a broad exemption from the rules of the road for all vehicles engaged in highway construction, maintenance or repair, regardless of their classification” (Riley v County of Broome, 95 NY2d at 464). In turn, the Legislature has provided vehicles engaged in such road work the benefit of a lesser standard of care (see id. at 468)—rather than having to establish ordinary negligence, an injured plaintiff seeking damages must instead demonstrate that “any person . . . [or] operator of a motor vehicle or other equipment while actually engaged in work on a highway” acted with a “reckless disregard for the safety of others” (Vehicle and Traffic Law § 1103 [b]; see Deleon v New York City Sanitation Dept., 25 NY3d at 1105; Matsch v Chemung County Dept. of Pub. Works, 128 AD3d 1259, 1260 [2015], lv dismissed and denied 26 NY3d 997 [2015]).
 

 Plaintiff first contends that Supreme Court erred by applying the “reckless disregard” standard of care set forth in Vehicle and Traffic Law § 1103 (b), arguing that the municipal parking lot where the accident occurred did not constitute a “highway” for such purposes. We disagree. The evidence proffered in support of the motion established that the Prosh lot was owned by the Village and was open and accessible from various entrances adjacent to public roadways. Although parking in the Prosh lot was prohibited between the hours of 2:00 a.m and 6:00 a.m., there was no restriction on driving through the lot during those hours. Accordingly, we find that, because the Prosh lot was publicly maintained and the traveling public had a general right of passage through it at the time the accident occurred, it constituted a “highway” within the meaning of the Vehicle and Traffic Law (see Vehicle and Traffic Law § 118; see generally Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]; Gawron v Town of Cheektowaga, 117 AD3d 1410, 1411 [2014]; Lauria v City of New Rochelle, 225 AD2d 1013, 1014 [1996]; compare Seelinger v Town of Middletown, 79 AD3d 1227, 1229 [2010]; Smith v Village of Hancock, 25 AD3d 975, 976 [2006]).
 

 Plaintiff next contends that, even if the subject parking lot is deemed a highway, Supreme Court erred in granting defendants’ motion for summary judgment, as a question of fact nonetheless exists with respect to whether defendants’ conduct constituted a “reckless disregard for the safety of others” (Vehicle and Traffic Law § 1103 [b]). On a motion for summary judgment, “the proponent of [the] motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016] [internal quotation marks and citation omitted]). Upon making a prima facie showing, “the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). As relevant here, in order to establish liability pursuant to a recklessness standard of care, it must be established that defendants intentionally engaged in an act of “an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and [did] so with conscious indifference to the outcome” (Deleon v New York City Sanitation Dept., 25 NY3d at 1105 [internal quotation marks and citations omitted]; see Riley v County of Broome, 95 NY2d at 465-466).
 

 In support of their motion, defendants submitted, among other things, the deposition testimony of Crump and Bruce Henderson, the Superintendent of the Village Department of Public Works. Crump testified that he had worked for the Village for 35 years, had many years of experience in operating various types of heavy equipment, had received manufacturer’s training in operating the loader in question and had reviewed and studied its operator’s manual. Crump testified that, on the evening in question, he inspected the loader at the beginning of his shift and found the lights, tires, mirrors, horn, windows and backup alarm in proper working condition. Crump testified that, at the time of the accident, he had just finished unloading a pile of debris into a dump truck, put the loader in reverse, looked over his shoulder, noted the presence of a garbage truck down the lot, began to back up and then halted when he heard hollering. Jumping from the loader, Crump found plaintiff lying on the pavement next to it.
 

 Henderson testified that he assigned Crump and a coworker to clean the Prosh lot on March 17, 2011. Henderson acknowledged that the Department of Public Works had a policy or procedure in place of establishing work zones while working in parking lots with heavy equipment, but that the policy did not apply at night because the lots were usually empty and well lit at that time. In addition, defendants’ attorney annexed to his affidavit in support of the motion the expert report of Richard Balgowan, an engineer. Balgowan wrote that the proper standard of care for work being performed in a parking lot such as the Prosh lot was to ensure that the work site and work activities were visible to anyone in the vicinity of the parking lot and concluded that no cones, barricades or other traffic control devices were necessary under the circumstances inasmuch as the functioning safety devices installed on the loader were sufficient to ensure safety under the circumstances.
 

 In opposition to the motion, plaintiff submitted the expert affidavit of John Coniglio, who opined that Crump’s conduct grossly deviated from fundamental safety standards and rose to the requisite level of recklessness. Coniglio explained that the operator’s manual for the loader sets forth numerous applicable standards of care for safe operation thereof and required Crump, as the operator, to ensure that pedestrians and other bystanders were kept clear of the loader’s path before it was moved.
 
 [1]
 
 Coniglio opined that, inasmuch as this type of loader has a number of known blind spots, in order to comply with the applicable standard of care, defendants should have either placed barricades to prevent pedestrian access to the work area or placed a signal person to keep pedestrians away from the loader.
 

 We reverse. While we agree with Supreme Court that the Prosh lot constituted a highway so as to invoke the provisions of Vehicle and Traffic Law § 1103 (b), that determination, standing alone, did not serve to insulate defendants from all potential liability for their actions that evening and entitle them to summary judgment. Instead, such a finding merely imposed upon plaintiff a heavier, but not impossible, burden of establishing defendants’ liability at trial. To prevail on its motion for summary judgment, defendants were required to establish, as a matter of law, that their conduct did not rise to the level of “reckless disregard for the safety of others” (Vehicle and Traffic Law § 1103 [b]). Given Henderson’s acknowledgment that the Village had a safety zone policy in place that called for the establishment of work zones when heavy machinery was being operated in parking lots during the daytime and chose not to implement it during nighttime operations, Crump’s candid testimony that a flagperson would have been helpful and may have been able to stop plaintiff before she crossed behind the loader and the lack of any admissible expert opinion dispositive of defendants’ claim that it did not act with recklessness,
 
 [2]
 
 defendants failed to establish their entitlement to summary judgment as a matter of law (see generally Bliss v State of New York, 95 NY2d 911, 913 [2000]). Therefore, we need not examine the sufficiency of plaintiff’s proof in opposition to the motion.
 

 Peters, P.J., Rose and Mulvey, JJ., concur.
 

 Ordered that the order is reversed, on the law, with costs, and motion denied.
 

 [1]
 

 . The manufacturer’s operating manual provides numerous safety and operating precautions to be followed by the operator of this type of loader. Specifically, in order to avoid work site hazards, the manual provides, in relevant part, that an operator should “[k]eep bystanders clear at all times. Use barricades or a signal person to keep vehicles and pedestrians away. Use a signal person if moving machine in congested areas or where visibility is restricted.” The manual further provides that, in order to avoid “[b]ackover [a]ccidents,” before moving the loader, the operator should “be sure all persons are clear of machine path” and “[u]se a signal person when backing if view is obstructed or when in close quarters.”
 

 [2]
 

 . Balgowan’s report was unsworn and, as such, did not constitute admissible evidence in support of defendants’ motion for summary judgment (see Fallon v Duffy, 95 AD3d 1416, 1417 [2012]).