Chase v Marsh (2018 NY Slip Op 04231)





Chase v Marsh


2018 NY Slip Op 04231


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


750 CA 17-01873

[*1]PATRICK C. CHASE, PLAINTIFF-APPELLANT,
v
JASON ALAN MARSH, TOWN OF MACHIAS AND TOWN OF MACHIAS HIGHWAY DEPARTMENT, DEFENDANTS-RESPONDENTS. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BOUVIER LAW LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered July 20, 2017. The order, insofar as appealed from, dismissed the complaint against defendants Jason Alan Marsh and Town of Machias upon defendants' motion for summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part and the complaint is reinstated against defendants Jason Alan Marsh and Town of Machias.
Memorandum: In February 2015, plaintiff was driving to church with his daughter when he crested a hill and observed a snowplow owned by defendant Town of Machias and driven by its employee, defendant Jason Alan Marsh (collectively, defendants), traveling in reverse up the hill. Plaintiff was unable to brake in time and struck the rear end of the plow. The plow continued in reverse for three to four seconds following impact while pushing plaintiff's vehicle, before Marsh realized that the collision had occurred. Plaintiff thereafter commenced this action alleging that Marsh operated the snowplow in a negligent and reckless manner and seeking damages for his injuries. Defendants and defendant Town of Machias Highway Department (Highway Department) moved for summary judgment dismissing the complaint, and Supreme Court granted the motion. Plaintiff did not oppose the motion with respect to the Highway Department, and contends on appeal that the court erred in granting those parts of the motion with respect to defendants, who contended in support thereof that Marsh had not acted with the requisite reckless disregard needed for a finding of liability pursuant to Vehicle and Traffic Law § 1103 (b). We agree with plaintiff, and we therefore reverse the order insofar as appealed from.
Defendants failed to meet their initial burden of establishing that Marsh did not operate the snowplow with reckless disregard for the safety of others, and defendants thus were not entitled to summary judgment dismissing the complaint against them. Vehicle and Traffic Law § 1103 (b) "exempts from the rules of the road all vehicles actually engaged in work on a highway" (Riley v County of Broome, 95 NY2d 455, 465 [2000]; see Hofmann v Town of Ashford, 60 AD3d 1498, 1499 [4th Dept 2009]). However, the statute does not protect snowplow drivers "from the consequences of their reckless disregard for the safety of others" (§ 1103 [b]). The operator of a snowplow acts with such "reckless disregard" when he or she " acts in conscious disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow' " (Haist v Town of Newstead, 27 AD3d 1133, 1134 [4th Dept 2006]; see Bliss v State of New York, 95 NY2d 911, 913 [2000]; Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d 705, 706 [2d Dept 2008]). The reckless disregard standard "requires a showing of more than a momentary judgment lapse" (Saarinen v Kerr, 84 NY2d 494, 502 [1994]; see Riley, 95 NY2d at 466).
Here, defendants' submissions in support of the motion establish that Marsh had been a driver of the snowplow route for 15 years and was aware that an intersection where he could safely turn around was less than a quarter of a mile away. Despite that knowledge, Marsh drove the snowplow in reverse, in front of a hill that obscured his view of approaching traffic on a narrow, two-lane country road with a speed limit of 55 miles per hour, without first sounding his horn in warning. Marsh's deposition testimony that he did not realize that he had collided with plaintiff's vehicle until several seconds after the collision raises a question of fact whether he was utilizing his rear view mirrors while traveling in reverse. We therefore conclude that defendants failed to establish that Marsh was not reckless as a matter of law or that the decisions made by him constituted a momentary lapse in judgment (see Freitag v Village of Potsdam, 155 AD3d 1227, 1231 [3d Dept 2017], citing Bliss, 95 NY2d at 913; see generally Szczerbiak v Pilat, 90 NY2d 553, 556-557 [1997]; Saarinen, 84 NY2d at 502).
In view of our determination that defendants failed to meet their initial burden, we do not consider the sufficiency of plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court