Joya v Baratta (2018 NY Slip Op 05834)





Joya v Baratta


2018 NY Slip Op 05834


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-07251
 (Index No. 600391/16)

[*1]Wilfredo Joya, respondent, 
v
Wayne Baratta, et al., appellants.


Jared A. Kasschau, County Attorney, Mineola, NY (Robert F. Van der Waag and Quatela Chimeri, PLLC [Christopher J. Chimeri and Scott Kreppein], of counsel), for appellants.
Nichols & Cane, LLP, Syosset, NY (Jamie Persky Mitchnick of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), dated June 1, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On the evening of February 21, 2015, the plaintiff was a passenger in a vehicle that was struck in the rear by the defendants' snowplow on Glen Head Road in Glen Clove. According to the defendant driver of the snow plow, when the accident occurred, he was in the process of sanding and salting the roadway. The plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending that there was no evidence that the defendant driver operated the snowplow in reckless disregard for the safety of others. The Supreme Court denied the motion, and the defendants appeal.
"A snowplow operator engaged in work on a highway is exempt from the rules of the road' and may be held liable only for damages caused by an act done in reckless disregard for the safety of others'" (Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d 705, 706, quoting Vehicle and Traffic Law § 1103[b]; see Riley v County of Broome, 95 NY2d 455, 466). This requires a showing that the operator acted "in conscious disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow'" (Bliss v State of New York, 95 NY2d 911, 913, quoting Saarinen v Kerr, 84 NY2d 494, 501).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, the defendants submitted, inter alia, the deposition testimony of the plaintiff and the defendant driver, which failed to eliminate triable issues of fact as to how the incident occurred, and whether the defendant driver operated the snowplow in reckless disregard for the safety of others (see Deleon v New York City Sanitation Dept., 25 NY3d 1102, 1107; Dejean v Lawton, 136 AD3d 859, 860).
The defendants' remaining contention is not properly before this Court.
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court