Alexandra R. v Krone (2020 NY Slip Op 04631)





Alexandra R. v Krone


2020 NY Slip Op 04631


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


105 CA 19-00761

[*1]ALEXANDRA R., ALEXIS R., SR., AS PARENT AND NATURAL GUARDIAN OF ALEXIS R., JR. AND YAMARIS R., AND AS ADMINISTRATOR OF THE ESTATE OF CHRISTIEANN G., AND DEMARIS M., AS GUARDIAN OF JAICOB G. AND JAIDEN G., AND AS ADMINISTRATOR OF THE ESTATE OF LUIS A., JR., DECEASED, PLAINTIFFS-RESPONDENTS,
v
ERIC J. KRONE, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. (APPEAL NO. 1.) 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered February 1, 2019. The judgment, insofar as appealed from, adjudged that defendant Eric J. Krone acted with reckless disregard for the safety of others and that he is 35% liable for the subject collision. 
It is hereby ORDERED that the judgment insofar as appealed from is reversed on the law without costs and the amended complaint is dismissed against defendant Eric J. Krone.
Memorandum: On a morning in April 2013, a minivan carrying 10 occupants on the New York State Thruway drifted from the left travel lane to the shoulder and collided with the back of a dump truck operated by Eric J. Krone (defendant), a New York State Thruway Authority (Thruway Authority) employee, who had parked the truck on the shoulder during a cleanup operation in which two other employees were picking up debris in the median. Three of the occupants died, and the remaining occupants, as well as defendant, sustained injuries. Plaintiffs, consisting of the occupants and their representatives, commenced these actions alleging, inter alia, that the collision was caused by defendant's recklessness. In these consolidated appeals, defendant appeals from judgments entered upon a nonjury verdict finding him partially liable for the collision on the ground that he acted with reckless disregard for the safety of others.
In each appeal, defendant challenges the verdict on the ground that Supreme Court's finding that he acted with reckless disregard for the safety of others is against the weight of the evidence. As a preliminary matter, we conclude that defendant was not required to preserve his contention that the nonjury verdict is contrary to the weight of the evidence by making a postverdict motion. Such a requirement is inconsistent with the principle that, "[f]ollowing a nonjury trial, the Appellate Division has authority . . . as broad as that of the trial court . . . and . . . may render the judgment it finds warranted by the facts' " (Sweetman v Suhr, 159 AD3d 1614, 1615 [4th Dept 2018], lv denied 31 NY3d 913 [2018], quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; see Baba-Ali v State of New York, 19 NY3d 627, 640 [2012]). To the extent that any of our prior decisions suggest otherwise, they should no longer be followed (see e.g. Gaiter v City of Buffalo Bd. of Educ., 125 AD3d 1388, 1389 [4th Dept 2015], lv dismissed 25 NY3d 1036 [2015]).
Upon our review of the record, we conclude that the weight of the evidence does not [*2]support the court's determination that defendant acted with reckless disregard for the safety of others as required to impose liability against him under Vehicle and Traffic Law § 1103 (b), the applicability of which is not disputed by the parties. "[T]he unambiguous language of Vehicle and Traffic Law § 1103 (b), as further supported by its legislative history, [makes] clear that the statute exempts from the rules of the road all vehicles . . . which are actually engaged in work on a highway' . . . , and imposes on such vehicles a recklessness standard of care" (Deleon v New York City Sanitation Dept., 25 NY3d 1102, 1105 [2015]). The imposition of liability under the recklessness standard, which the Court of Appeals has described as a "minimum standard of care" (id. at 1106 [internal quotation marks omitted]; see Riley v County of Broome, 95 NY2d 455, 466 [2000]), "demands more than a showing of a lack of due care under the circumstances'—the showing typically associated with ordinary negligence claims" (Saarinen v Kerr, 84 NY2d 494, 501 [1994]). Rather, "liability under [the recklessness] standard is established upon a showing that the covered vehicle's operator has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Deleon, 25 NY3d at 1105 [internal quotation marks omitted]; see Riley, 95 NY2d at 466).
Here, at the time of the collision, defendant had parked the truck entirely outside of the travel lane approximately 18 inches to the left of the yellow fog line on or near the rumble strips located on the shoulder. Defendant had also activated multiple hazard lights on the truck, which consisted of regular flashers, two amber lights on the tailgate, beacon lights, and four flashing caution lights on the arrow board. Moreover, the undisputed evidence established that there were no weather, road, or lighting conditions creating visibility or control issues for motorists on the morning of the incident. Even if, as the court found, defendant knew or should have known that vehicles occasionally leave the roadway at a high rate of speed due to motorists being tired, distracted, or inattentive, we conclude that, here, it cannot be said that defendant's actions were of an "unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and . . . done . . . with conscious indifference to the outcome" (Deleon, 25 NY3d at 1105 [internal quotation marks omitted]), given the favorable weather and road conditions for motorists, as well as the safety precautions taken by defendant in positioning the truck completely off of the travel lane and activating various hazard lights (see Sullivan v Town of Vestal, 301 AD2d 824, 825 [3d Dept 2003]; Green v Covington, 299 AD2d 636, 637-638 [3d Dept 2002]; see also Vehicle and Traffic Law former § 1144-a [b]; see generally Roberts v Anderson, 133 AD3d 1384, 1385 [4th Dept 2015]).
Plaintiffs nonetheless contend, and the court agreed, that defendant was reckless because Thruway Authority safety regulations require vehicles parked on the shoulder to be positioned "as far from traffic as feasible," and defendant could and should have parked the truck farther to the left on the grassy median and his positioning also rendered the rumble strips useless. We reject plaintiffs' contention and the court's conclusion. Even if defendant, despite his belief that he was in compliance with the regulation by positioning the truck as far from traffic as feasible without getting stuck in wet ground on the median, could have positioned the truck even farther to the left and off of the rumble strips, that failing establishes, at most, a lack of due care under the circumstances, which is insufficient to impose liability under the recklessness standard (see Green, 299 AD2d at 638; Mitchell v State of New York, 108 AD2d 1033, 1034-1035 [3d Dept 1985], lv denied 64 NY2d 611 [1985], appeal dismissed and lv denied 64 NY2d 1128 [1985]).
Based on the foregoing, we reverse, insofar as appealed from, the judgments in appeal Nos. 1, 2, and 3 and reverse the judgment in appeal No. 4.
All concur except Nemoyer and Curran, JJ., who dissent and vote to affirm in the following memorandum: We agree with the majority that defendant-appellant (defendant) was not required to preserve his challenge to the weight of the evidence underlying Supreme Court's nonjury verdict (see Evans v New York City Tr. Auth., 179 AD3d 105, 108-111 [2d Dept 2019]). We cannot, however, join the majority in holding the verdict to be against the weight of the evidence in light of the significant proof supporting the trial judge's conclusions. We therefore respectfully dissent and vote to affirm the judgment in each appeal.
We recognize, of course, that we should "set aside the trial court's findings if they are contrary to the weight of the evidence and [thereupon] render the judgment we deem warranted [*3]by the facts" (Mosley v State of New York, 150 AD3d 1659, 1660 [4th Dept 2017] [internal quotation marks omitted]; see e.g. Sweetman v Suhr, 159 AD3d 1614, 1615 [4th Dept 2018], lv denied 31 NY3d 913 [2018]). When conducting our factual review power in a "close case," however, the Court of Appeals has instructed us to "tak[e] into account . . . the fact that the trial judge had the advantage of seeing the witnesses' " (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). It has also been held that we should "view[ ] the evidence in the light most favorable to sustain the judgment" (A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1287 [4th Dept 2014]), and that a civil bench verdict should be upheld "unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993] [internal quotation marks omitted]).
In this case, the trial court found that defendant's "operation of the . . . truck on the shoulder of the road only 18 inches from high-speed traffic was intentional, unreasonable and in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" and that defendant's "parking of the truck on the shoulder was done with a conscious indifference to the possibility that the truck would pose a hazard to oncoming traffic." To support that conclusion, the trial court found that, at the time of the accident, defendant had parked his vehicle "approximately 18 inches from the yellow fog line"; that the regulations of the Thruway Authority "provide that a vehicle engaged in cleanup operations, such as [the vehicle involved here], should be parked as far from traffic as feasible"; that defendant "could have operated and parked his vehicle further left on the grassy median, which would have avoided the collision . . . according to uncontroverted expert testimony"; that, despite defendant's "testimony to the contrary, meteorological, photographic and testimonial evidence [demonstrates] that the grassy area to the left of the shoulder was dry enough to accommodate [defendant's] truck as it proceeded along and intermittently stopped during the cleanup operation"; that defendant's truck "was parked either on, or so near the rumble strips located on the left shoulder, that this safety feature was rendered useless" and, "[i]f the . . . vehicle [that collided with the truck] had engaged the rumble strips[,] it is more likely than not that the accident would not have occurred"; and that defendant "did not use any signs or channeling devices to alert traffic that work on the median and the shoulder close to the highway was being conducted."
As the majority correctly states, the contested issue is whether defendant acted with reckless disregard for the safety of others. For these purposes, a person acts recklessly when he or she "consciously—and, thus, with general intentionality, not necessarily with intent to cause particular injury—disregard[s] known serious risks of harm" (Campbell v City of Elmira, 84 NY2d 505, 511 [1994]). In our view, the trial court correctly found that defendant acted with the requisite reckless disregard.
At trial, plaintiffs presented two expert witnesses who opined that defendant's conduct recklessly disregarded the safety of others. First, a retired State Trooper and accident reconstructionist testified that, had defendant followed his stated practice of driving outside of the delineators and on the grassy median, there would have been no collision. That expert also testified that, had the truck been positioned 5 feet 3.6 inches farther left, there would not have been a collision and that, if it had been positioned only 3.6 feet to the left of the fog line, the collision would have only been a sideswipe that would have resulted in much less damage. That expert opined, without objection, that situating the truck 18 inches from the fog line was reckless and violated the Thruway Authority's Traffic Safety Manual.
Plaintiffs' second expert, a civil engineer and former Department of Transportation employee, was also an accident reconstructionist. He testified that it is well known that vehicles run off the road for various reasons, that rumble strips were installed to decrease the occurrence of run-off-the-road incidents, and that the very purpose of defendant and his truck on the day in question was to protect two laborers from vehicles running off or drifting off the road. The second expert testified that, if defendant believed that the ground was wet and that his truck might get stuck, he should have come back another day when that area was firm and dry, particularly given that the work being performed by the laborers on the day in question was not urgent. Like the first expert, the second expert testified that defendant's actions violated the Thruway Authority's Traffic Safety Manual. Most importantly, and without objection, the second expert opined that defendant's conduct in parking approximately 18 inches from the fog line without the necessary safety measures created known and obvious risks to anyone driving on [*4]the Thruway and was thus reckless.
The testimony of the foregoing experts is, in our view, compelling proof that the trial court correctly found that defendant acted recklessly in this case (see generally Spalla v Village of Brockport, 295 AD2d 900, 900-901 [4th Dept 2002]; Allen v Town of Amherst, 294 AD2d 828, 829 [4th Dept 2002], lv denied 3 NY3d 609 [2004]). The trial court also properly considered the divergence between defendant's actions on the day in question and his usual practices and behavior, his employer's policies, and departmental rules as relevant factors in finding recklessness on this record (see e.g. Bliss v State of New York, 95 NY2d 911, 913 [2000]; Freitag v Village of Potsdam, 155 AD3d 1227, 1231 [3d Dept 2017]; Ruiz v Cope, 119 AD3d 1333, 1334 [4th Dept 2014]; Allen, 294 AD2d at 829).
From a broader perspective, we ought not to inadvertently conflate the criminal recklessness standard with the civil recklessness standard. Yes, the majority is correct that this situation "demands more than a showing of lack of due care under the circumstances'—the showing typically associated with ordinary negligence claims" (Saarinen v Kerr, 84 NY2d 494, 501 [1994]). But in defining civil recklessness, the courts have never required that the defendant's conduct be committed with a depraved heart, or for the purpose of bringing about a particular injury. For example, in Deleon v New York City Sanitation Dept. (25 NY3d 1102, 1107 [2015]), the Court of Appeals held that, "[i]f a factfinder concludes that the driver could, but failed to, take evasive action to avoid a forceful collision, a reasonable jury could find that this conduct rises to the recklessness standard." Likewise, in Ruiz (119 AD3d at 1333-1334), we affirmed a nonjury finding of liability despite "conflicting accounts whether [the] defendant slowed down or came to a near stop prior to entering the intersection." And we have frequently held that the reasonableness of a defendant's excuse or explanation for his or her conduct is a question best left to the trier of fact (see e.g. Chase v Marsh, 162 AD3d 1589, 1590 [4th Dept 2018]; Gawron v Town of Cheektowaga, 117 AD3d 1410, 1413 [4th Dept 2014]; Ham v City of Syracuse, 37 AD3d 1050, 1051-1052 [4th Dept 2007], lv dismissed 8 NY3d 976 [2007]; Haist v Town of Newstead, 27 AD3d 1133, 1134 [4th Dept 2006]). In our view, the record in this case supports the trial court's finding that defendant acted with reckless disregard for the safety of others and, therefore, the verdict is not against the weight of the evidence and the judgment in each appeal should be affirmed.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court